UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE, a minor, by and through
Her mother and next friend, MOTHER DOE,

    Plaintiff,

v.                                                     Case No.: 1:23-cv-23004

ACADEMIR CHARTER SCHOOLS, INC.,
and SUPERIOR CHARTER SCHOOL
SERVICES, INC.,

    Defendants.
_____/

## DEFENDANT ACADEMIR CHARTER SCHOOLS, INC.'S ANSWER AND AFFIRMATIVE TO PLAINTIFF'S COMPLAINT

Defendant, AcadeMir Charter Schools, Inc. ("AcadeMir"), by and through their undersigned counsel, hereby files its Answer and Affirmative to the Complaint (Doc. # 1) and in support states as follows:

## INTRODUCTION

1. Plaintiff's characterization of her claims is not a factual or legal conclusion to which a response is required. Should the Court find that a response to these allegations, Defendant denies them.

2. Defendant denies the allegations of Paragraph 2 of the Complaint.

3. Defendant denies the allegations of Paragraph 3 of the Complaint.

4. Defendant denies the allegations of Paragraph 4 of the Complaint. Defendant further denies that Plaintiff is entitled to the relief sought in Paragraph 4 of the Complaint.

## PARTIES

5. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 5 to the Complaint. Accordingly, Defendant denies the same.

6. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 6 to the Complaint. Accordingly, Defendant denies the same.

7. Defendant admits the allegations of Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 as phased.

9. Defendant denies the allegations in Paragraph 9 as phased. Defendant admits that it operated the AcadeMir Charter School West Primary Learning Center located at 2636 SW 144th Avenue, Miami, FL 33175.

10. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 10 to the Complaint. Accordingly, Defendant denies the same.

11. Defendant denies the allegations of Paragraph 11 and demands strict proof thereof.

## JURISDICTION AND VENUE

12. Defendant admits the allegations of Paragraph 12 for jurisdictional purposes only.

13. Defendant admits the allegations of Paragraph 13 for jurisdictional purposes only but denies any wrongdoing and denies Plaintiffs' allegations.

### FACTUAL ALLEGATIONS

14. Defendant denies the allegations of Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint.

16. Defendant denies that any sexual incident occurred and denies that any sexual incident was captured by security camera footage.

17. Defendant admits that Jane reported a verbal incident to school officials, however Defendant specifically denies that Jane ever asserted that a physical touching occurred.

18. Denied. Defendant admits that Jane reported a verbal incident to school officials, however Defendant specifically denies that Jane ever asserted that a physical touching occurred.

19. Denied. Defendant admits that Ms. Castellon called Jane's mother, but denies the content of the report as alleged and denies that any physical contact occurred.

20. Defendant denies the allegations in Paragraph 20 as phrased. Ms. Castellon accurately reported the verbal incident to Jane's mother and did not downplay the incident in any fashion. No sexual incident occurred.

21. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 21 to the Complaint. Accordingly, Defendant denies the same.

22. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 22 to the Complaint. Accordingly, Defendant denies the same.

23. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 23 to the Complaint. Accordingly, Defendant denies the same.

24. Defendant admits that a meeting took place but denies that any sexual incident took place. Jane never at any time reported to any school officials that she was physically touched, and in fact, admitted to four separate individuals of Defendant that no touching occurred.

25. Defendant admits that a meeting took place but denies that any sexual incident took place. Jane never at any time reported to any school officials that she was physically touched, and in fact, admitted to four separate individuals of Defendant that no touching occurred.

26. Defendant denies the allegations in Paragraph 26 as phrased. Defendant conducted its own investigation and reviewed surveillance footage, confirming that no sexual incident occurred as alleged. Further Defendant offered to separate Jane and L.R., however Plaintiffs instead insisted that L.R. be expelled and refused to allow the children to be separated into different classrooms.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations of Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint as phrased and denies that Ms. Ruiz questioned Jane against her parent's wishes.

33. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 33 to the Complaint. Accordingly, Defendant denies the same.

34. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 34 to the Complaint. Accordingly, Defendant denies the same.

35. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 35 to the Complaint. Accordingly, Defendant denies the same.

36. Defendant denies the allegations in Paragraph 36 and denies that they heard an audio recording.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant admits that a telephone conference occurred.

40. Defendant admits the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint as phrased. Defendant admits that Jane's father contacted law enforcement officials, but denies that any report of sexual assault was made.

44. Defendant admits a police officer met with Defendant at the premises. The police report speaks for itself.

45. Defendant denies the allegations of Paragraph 45 of the Complaint and denies that any notification of an actual physical touching was ever made by Jane.

46. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 46 to the Complaint. Accordingly, Defendant denies the same.

47. Defendant denies that any sexual incident occurred and denies that there was any such incident that necessitated reporting.

48. Defendant denies that any sexual incident occurred and denies that there was any such incident that necessitated reporting.

49. Defendant denies the allegations of Paragraph 49 of the Complaint. Disciplinary action for the verbal comment was taken.

50. Defendant denies the allegations of Paragraph 50 of the Complaint. Disciplinary action for the verbal comment was taken.

51. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 51 to the Complaint. Accordingly, Defendant denies the same.

52. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 52 to the Complaint. Accordingly, Defendant denies the same.

53. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 53 to the Complaint. Accordingly, Defendant denies the same.

54. Defendant is without sufficient knowledge or information to determine as to the feelings of Jane's parents. Defendant denies that a sexual incident occurred and denies any negligence.

55. Defendant denies the allegations in Paragraph 55 of the Complaint as phrased.

56. Defendant denies the allegations in Paragraph 56 of the Complaint as phrased.

57. Defendant denies the allegations in Paragraph 57 of the Complaint as phrased.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint and denies that any sexual incident occurred.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint as phrased and denies that any sexual incident occurred.

63. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 63 to the Complaint. Accordingly, Defendant denies the same.

64. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 64 to the Complaint. Accordingly, Defendant denies the same.

65. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 65 to the Complaint. Accordingly, Defendant denies the same.

66. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 66 to the Complaint. Accordingly, Defendant denies the same.

67. Defendant denies the allegations in Paragraph 67 of the Complaint and denies that any sexual incident occurred.

68. Defendant denies the allegations in Paragraph 68 of the Complaint as phrased and denies that any sexual incident occurred.

69. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 69 to the Complaint.

70. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 70 to the Complaint. Accordingly, Defendant denies the same.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. Defendant is currently without sufficient knowledge or information to determine the veracity of the allegations of Paragraph 72 to the Complaint. Accordingly, Defendant denies the same.

**COUNT I – 20 U.S.C. § 1681 (Deliberate Indifference to Sexual Harassment in Violation of Title IX) (Jane Doe Against Defendant AcadeMir)**

73. Defendant reincorporates its responses in Paragraphs 14 through 72 as if fully stated herein.

74. The statutory provisions referenced in Paragraph 74 of the Complaint speak for themselves and any characterization, description thereof, or commentary thereon is denied.

75. Defendant denies the allegations of Paragraph 75 as phrased.

76. Paragraph 76 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of Paragraph 76 of the Complaint are denied.

77. Defendant denies the allegations of Paragraph 77 of the Complaint.

78. Defendant denies the allegations of Paragraph 78 of the Complaint.

79. Paragraph 79 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of Paragraph 79 of the Complaint are denied.

80. Defendant denies the allegations of Paragraph 80 of the Complaint.

81. Defendant denies the allegations of Paragraph 81 of the Complaint.

82. Defendant denies the allegations of Paragraph 82 of the Complaint, including subparts a through p.

83. Defendant denies the allegations of Paragraph 83 of the Complaint.

84. Defendant denies the allegations of Paragraph 84 of the Complaint.

85. Defendant denies the allegations of Paragraph 85 of the Complaint.

86. Defendant denies the allegations of Paragraph 86 of the Complaint.

87. Defendant denies the allegations of Paragraph 87 of the Complaint.

88. Defendant denies the allegations of Paragraph 88 of the Complaint.

89. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 89 of the Complaint.

### COUNT II – 20 U.S.C. § 1681 (Deliberate Indifference to Sexual Harassment in Violation of Title IX) (Jane Doe Against Defendant SCSS)

90. The allegations of Paragraph 90 through 104 are directed to parties other than AcadeMir, and thus no response is required of this Defendant. Should the Court find that such allegation requires a response from this Defendant, AcadeMir is without knowledge or sufficient information as to the factual allegations of Paragraph 90 through 104 of the Complaint and accordingly denies the same.

### COUNT III – 20 U.S.C. § 1681 (Retaliation in Violation of Title IX) (Jane Doe Against Defendant AcadeMir)

105. Defendant reincorporates its responses in Paragraphs 14 through 72 as if fully stated herein.

106. The statutory provisions referenced in Paragraph 106 of the Complaint speak for themselves and any characterization, description thereof, or commentary thereon is denied.

107. Defendant denies the allegations of Paragraph 107 as phrased.

108. Paragraph 108 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of Paragraph 108 of the Complaint are denied.

109. The statutory provisions referenced in Paragraph 109 of the Complaint speak for themselves and any characterization, description thereof, or commentary thereon is denied.

110. Defendant denies the allegations of Paragraph 110 of the Complaint.

111. Paragraph 111 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of Paragraph 111 of the Complaint are denied.

112. Defendant denies the allegations of Paragraph 112 of the Complaint.

113. Defendant denies the allegations of Paragraph 113 of the Complaint.

114. Defendant denies the allegations of Paragraph 114 of the Complaint.

115. Defendant denies the allegations in Paragraph 115 of the Complaint.

116. Defendant denies the allegations of Paragraph 116 of the Complaint.

117. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 117 of the Complaint.

### COUNT IV – 20 U.S.C. § 1681 (Retaliation in Violation of Title IX) (Jane Doe Against Defendant SCSS)

118. The allegations of Paragraph 118 through 130 are directed to parties other than AcadeMir, and thus no response is required of this Defendant. Should the Court find that such allegation requires a response from this Defendant, AcadeMir is without knowledge or sufficient information as to the factual allegations of Paragraph 118 through 130 of the Complaint and accordingly denies the same.

### COUNT V – NEGLIGENCE (Jane Doe Against Defendant AcadeMir)

131. Defendant reincorporates its responses in Paragraphs 14 through 72 as if fully stated herein.

132. Paragraph 132 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits only that AcadeMir owed Plaintiff only such duties as required under Florida law.

133. Paragraph 133 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits only that AcadeMir owed Plaintiff only such duties as required under Florida law.

134. Paragraph 134 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits only that AcadeMir owed Plaintiff only such duties as required under Florida law.

135. Defendant denies the allegations of Paragraph 135 of the Complaint.

136. Defendant denies the allegations of Paragraph 136 of the Complaint, including subparts a through e.

137. Defendant denies the allegations of Paragraph 137 of the Complaint, including subparts a through f.

138. Defendant denies the allegations of Paragraph 138 of the Complaint.

139. Defendant denies the allegations of Paragraph 139 of the Complaint.

140. Defendant denies the allegations of Paragraph 140 of the Complaint.

141. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 141 of the Complaint.

**COUNT VI – NEGLIGENCE (Jane Doe Against Defendant SCSS)**

142. The allegations of Paragraph 142 through 153 are directed to parties other than AcadeMir, and thus no response is required of this Defendant. Should the Court find that such allegation requires a response from this Defendant, AcadeMir is without knowledge or sufficient information as to the factual allegations of Paragraph 142 through 153 of the Complaint and accordingly denies the same.

**COUNT VII – NEGLIGENT FAILURE TO TRAIN (Jane Doe Against Defendant AcadeMir)**

154. Defendant reincorporates its responses in Paragraphs 14 through 72 as if fully stated herein.

155. Plaintiff's characterization of her claim is not a factual or legal conclusion to which a response is required. Should the Court find that a response to these allegations, Defendant denies them.

156. Denied as phrased. Defendant admits that Plaintiff was a student at AcadeMir Charter School West Primary Learning Center, but denies that any sexual incident occurred.

157. Paragraph 157 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits only that AcadeMir owed Plaintiff only such duties as required under Florida law.

158. Paragraph 158 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits only that AcadeMir owed Plaintiff only such duties as required under Florida law.

159. Paragraph 159 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits only that AcadeMir owed Plaintiff only such duties as required under Florida law.

160. Defendant denies the allegations of Paragraph 160 of the Complaint, including subparts a through h.

161. Defendant denies the allegations of Paragraph 161 of the Complaint.

162. Defendant denies the allegations of Paragraph 162 of the Complaint.

163. Defendant denies the allegations of Paragraph 163 of the Complaint.

164. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 165 of the Complaint.

### COUNT VIII – NEGLIGENT FAILURE TO TRAIN (Jane Doe Against Defendant SCSS)

165. The allegations of Paragraph 165 through 176 are directed to parties other than AcadeMir, and thus no response is required of this Defendant. Should the Court find that such allegation requires a response from this Defendant, AcadeMir is without knowledge or sufficient information as to the factual allegations of Paragraph 165 through 176 of the Complaint and accordingly denies the same.

### COUNT IX – NEGLIGENT SUPERVISIO0N (Jane Doe Against Defendant AcadeMir)

176. Defendant reincorporates its responses in Paragraphs 14 through 72 as if fully stated herein.

177. Plaintiff's characterization of her claim is not a factual or legal conclusion to which a response is required. Should the Court find that a response to these allegations, Defendant denies them.

178. Denied as phrased. Defendant admits that Plaintiff was a student at AcadeMir Charter School West Primary Learning Center, but denies that any sexual incident occurred.

179. Paragraph 179 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits only that AcadeMir owed Plaintiff only such duties as required under Florida law. Defendant further denies that any sexual incident occurred.

180. Paragraph 180 of Plaintiff's Complaint calls for a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant admits only that AcadeMir owed Plaintiff only such duties as required under Florida law.

181. Defendant denies the allegations of Paragraph 181 of the Complaint.

182. Defendant denies the allegations of Paragraph 182 of the Complaint.

183. Defendant denies the allegations of Paragraph 183 of the Complaint.

184. Defendant denies the allegations of Paragraph 184 of the Complaint.

185. Defendant denies the allegations of Paragraph 185 of the Complaint.

186. Defendant denies that Plaintiff is entitled to the relief sought in Paragraph 186 of the Complaint.

### **COUNT X – NEGLIGENT SUPERVISIO0N (Jane Doe Against Defendant SCSS)**

187. The allegations of Paragraph 187 through 197 are directed to parties other than AcadeMir, and thus no response is required of this Defendant. Should the Court find that such allegation requires a response from this Defendant, AcadeMir is without knowledge or sufficient information as to the factual allegations of Paragraph 187 through 197 of the Complaint and accordingly denies the same.

Defendant denies Plaintiff's prayer for relief, damages, and relief as set forth in the "Wherefore" paragraph following Paragraph 197 of Plaintiff's Complaint.

## JURY TRIAL DEMAND

Defendant hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim or cause of action against the Defendant upon which relief can be granted and should, therefore, be dismissed.

### SECOND DEFENSE

The Plaintiff failed to mitigate her alleged damages, and aggravated same by her own actions or inaction which bars, in whole or in part, her claims for damages.

### THIRD DEFENSE

The Plaintiff's claims are barred by sovereign immunity, absolute immunity, common law immunity, qualified immunity, official immunity, and any other applicable immunities of the Defendant.

### FOURTH DEFENSE

At all times complained of, the Defendant acted in good faith and in conformity with all applicable standards, laws, policies, and regulations pertaining to their alleged conduct and with an objective, reasonable belief that their actions were lawful.

### FIFTH DEFENSE

The Defendant is not responsible or liable for the acts or omissions of persons or entities, including, but not limited to, the Plaintiff, and other individuals or entities not a party to this action.

### SIXTH DEFENSE

The damages alleged by Plaintiff were caused by the Plaintiff's own actions and negligence, and the Defendant is without fault; the Defendant pleads and relies upon comparative negligence as a partial or complete bar to the Plaintiff's claims.

### SEVENTH DEFENSE

The alleged acts or omissions of the Defendant was not the proximate cause or an essential factor in causing the Plaintiff's alleged damages, the existence of which is specifically denied.

### EIGHTH DEFENSE

The Defendant states that the conduct of the Defendant does not justify or support an award of punitive damages under applicable law. Any recovery of punitive damages by the Plaintiff is unconstitutional in that the system for the imposition and review of punitive damage awards violates the Defendant's rights under the United States Constitution, including without limitation, the Defendant's rights to both substantive and procedural due process under the due process clause of the Fourteenth Amendment to the Constitution.

Dated: September 5, 2023                     Respectfully Submitted,

                                                        /s/Julie B. Karron
                                                       JULIE B. KARRON, ESQ., Lead Counsel

Florida Bar No.: 14683
CHRISTOPHER T. LAWSON, ESQ.
Florida Bar No.: 1025196
FREEMAN MATHIS & GARY, LLP
2502 N. Rocky Point Drive, Suite 860
Tampa, Florida 33607
Tel: (813) 774-6363
Fax: (833) 330-0369
julie.karron@fmglaw.com
chris.lawson@fmglaw.com
soraya.sierra@fmglaw.com
Attorneys for Defendant AcadeMir Charter Schools, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed through the CM/ECF Portal, which furnished same via electronic mail delivery on September 5, 2023, to Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 701 Brickell Avenue, Suite 1310, Miami, FL 33131, at kyle@dereksmithlaw.com (Attorneys for Plaintiff).

/s/ Julie B. Karron
Florida Bar. No.: 14683