UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE, a minor, by and through her
mother and next friend, MOTHER DOE,

   Plaintiff,

  CASE NO.: 1:23-cv-23004-WPD

v.

ACADEMIR CHARTER SCHOOLS, INC.,
and SUPERIOR CHARTER SCHOOL
SERVICES, INC.,

   Defendants.
_____/

**PLAINTIFF'S UNOPPOSED MOTION TO PROCEED ANONYMOUSLY
AND MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff, JANE DOE, a minor, by and through her mother and next friend, MOTHER DOE, ("Plaintiff"), hereby moves this Court to allow the Plaintiff to proceed in this action anonymously and to grant a protective order pursuant to Federal Rule of Civil Procedure 26(c), and in support states as follows:

**INTRODUCTION**

Plaintiff in this action is a five-year old minor who is seeking damages under Title IX of the Education Amendments of 1972 ("Title IX") and Florida law for the sexual assault she suffered at her school. As outlined in further detail below, the subject matter of this action involves the utmost intimacy of a minor child, which warrants the entry of an order allowing the Plaintiff to proceed under the fictious name "Jane Doe" and protecting her identity from disclosure.

**MEMORANDUM OF LAW**

"Generally, parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Federal Rule of Civil Procedure 10(a) requires

a plaintiff to include the names of all the parties in her complaint. FED. R. CIV. P. 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Frank*, 951 F.2d at 322. A plaintiff seeking to contravene Rule 10(a) by suing under a fictitious name bears the burden of showing she has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings. *Id.* at 323.

"The Eleventh Circuit has identified several factors for district courts to consider in determining whether a party should be permitted to proceed anonymously, including: (1) whether the party challenges government activity, (2) whether the party will be 'required to disclose information of the utmost intimacy,' (3) whether the party will be coerced into admitting illegal conduct or the intent to commit illegal conduct, thereby risking criminal prosecution, (4) whether the party is a minor, (5) whether the party will be exposed to physical violence should he or she proceed in their own name, and (6) whether proceeding anonymously 'pose[s] a unique threat of fundamental unfairness to the defendant.'" *Doe v. Swearingen*, No. 18-24145, 2019 WL 95548, at *2 (S.D. Fla. Jan. 3, 2019) (quoting *Plaintiff B v. Francis,* 631 F.3d 1310, 1316 (11th Cir. 2011)). "Courts may consider other factors as well based on the particularities of each case, and no single factor is necessarily dispositive." *Id.* (citing *Frank*, 951 F.2d at 323).

In considering whether to allow the Plaintiff to proceed anonymously, several factors weigh in Plaintiff's favor. In particular, the second, fourth, sixth factors are highly relevant in this case. Here, the Plaintiff's allegations in this matter, namely those involving the sexual abuse of a minor child, are of a highly sensitive and personal nature by any standard. This litigation will necessarily delve into graphic depictions of the Plaintiff's assault and the resulting psychological trauma. Absent the protections afforded by anonymity, there is a significant risk that the Plaintiff

would be exposed to further embarrassment and further emotional harm. *See Doe v. Costa Cruise Lines N.V.*, No. 06-60201-CIV, 2006 WL 8432474, at *4 (S.D. Fla. May 26, 2006) (concluding that a minor plaintiff alleging sexual assault should be allowed to proceed anonymously to protect from "further embarrassment or social stigma").

The Defendants in this matter will not be prejudiced by allowing the Plaintiff to proceed anonymously, as they have been provided with her name in the past and will be privy to any sealed documents. *Doe v. Strange*, No. 2:15-CV-606-WKW, 2016 WL 1168487, at *2 (M.D. Ala. Mar. 24, 2016) (recognizing that the issuance of a protective order alleviates concerns of unfairness because it would allow the defendants to access the plaintiff's identity without disseminating the information publicly). While the remaining *Francis* factors may not be applicable, the particularities of this case establish the importance of protecting the Plaintiff's identity and represent the kind that this Court has deemed sufficient to allow a plaintiff to proceed anonymously. *See, e.g.*, *Doe v. Carnival Corp.*, 470 F. Supp. 3d 1317, 1320 n.1 (S.D. Fla. 2020) (allowing a plaintiff to proceed anonymously because the case involved allegations of sexual assault of a minor child); *Doe v. Sch. Bd. of Miami-Dade Cnty.*, 403 F. Supp. 3d 1241, 1247 n.1 (S.D. Fla. 2019) (allowing a plaintiff to proceed anonymously in Title IX action involving allegations of sexual assault of a minor child).

Taken as a whole, these factors are sufficient to show that the Plaintiff's privacy interest in this case greatly outweigh the public's interest in the Plaintiff's identity. For these reasons, Plaintiff asks that this Court allow her to proceed anonymously in this action and enter an Order ensuring the protection of her identity.

**WHEREFORE**, Plaintiff respectfully moves this Honorable Court to allow the Plaintiff to proceed in this action anonymously and to grant a protective order pursuant to Federal Rule of Civil Procedure 26(c).

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the Plaintiff has conferred with counsel for the Defendants, who have advised that the Defendants do not oppose the relief requested herein.

| | |
|---|---|
| Dated: Miami, Florida<br>October 19, 2023, | **DEREK SMITH LAW GROUP, PLLC**<br>*Counsel for Plaintiff* |

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Kyle@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on October 19, 2023, on all counsel of record on the service list below via e-mail.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**FREEMAN MATHIS & GARY, LLP**

Christopher T. Lawson, Esq.
Florida Bar No.: 1025196
Julie B. Karron, Esq.
Florida Bar No.: 14683
FREEMAN MATHIS & GARY, LLP
2502 N. Rocky Point Drive, Suite 550
Tampa, Florida 33607
Tel: (813) 774-6363
Fax: (833) 330-0369
julie.karron@fmglaw.com
chris.lawson@fmglaw.com

*Counsel for Defendant Academir Charter Schools, Inc.*

**GARRISON, YOUNT, FORTE & MULCAHY, LLC**

Scott P. Yount, Esq.
Florida Bar No.: 0021352
GARRISON, YOUNT, FORTE & MULCAHY, LLC
601 Bayshore Blvd., Suite 800
Tampa, Florida 33606
Phone: 813-275-0404
Fax: 813-275-0304

*Counsel for Defendant Superior Charter School Services, Inc.*