UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-23004-WPD

JANE DOE, a minor, by and through her mother and next friend, Mother Doe,

    Plaintiff,

vs.

ACADEMIR CHARTER SCHOOLS, INC.,
SUPERIOR CHARTER SCHOOL SERVICES, INC.

    Defendants.
_____/

## DEFENDANT'S NOTICE OF SERVING RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant, ACADEMIR CHARTER SCHOOLS, INC., by and through undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby files this response to Plaintiff's Request for Production as follows:

1. All documents in the possession or control of Defendant Academir that relate or pertain to the Plaintiff.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

2. All documents identified and/or listed in your answers to Plaintiff's First Set of Interrogatories.

**RESPONSE:** **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

3. All documents that relate to or support any affirmative defense set forth in the Answer or that you could use in response to any claim asserted by the Plaintiff.

**RESPONSE:** **Defendant objects to this Request being overly broad, unduly burdensome, and vague and calling for a legal conclusion. Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

4. Any and all photographs, negatives, recordings, and/or videos of Plaintiff.

**RESPONSE:** **Responsive documents/videos have been requested and will be produced under separate cover.**

5. Any and all communications, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between any of Defendant Academir's employees, agents, officers, or representatives, from 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

**RESPONSE:** **None.**

6. Any and all communications, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between SUSIE BELLO and any of Defendant Academir's employees, agents, officers, or representatives, from 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

**RESPONSE:** **None.**

7. Any and all communications, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between ROLANDO MIR and any of Defendant Academir's employees, agents, officers, or representatives, from 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

**RESPONSE**:   None.

8. Any and all non-privileged communications, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, or other forms of internal communication between Defendant Academir's employees, managers, officers, and/or other staff discussing Plaintiff and/or the claims asserted in this lawsuit, from 2022 to the present.

**RESPONSE**:   None.

9. Any and all communications, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between Plaintiff's Parents and any of Defendant Academir's employees, agents, officers, or representatives, from 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

**RESPONSE**:   None.

10. Any and all communications, including but not limited to emails, text messages, WhatsApp, Slack, and/or other messaging application platform(s), and/or social media messages, exchanged between L.R.'s parents or legal guardians, and any of Defendant Academir's employees, agents, officers, or representatives, from 2022 to the present, referring to or relating to the Plaintiff's claims asserted in this lawsuit.

**RESPONSE:**   **Responsive documents have been requested and will be produced under separate cover.**

11. All educational records that relate or pertain to the Plaintiff, including but not limited to academic records, disciplinary records, enrollment records,

teacher evaluations, behavioral or psychological evaluations, and any other documents included in the Plaintiff's student record.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

12. All educational records that relate or pertain to L.R., including but not limited to academic records, disciplinary records, enrollment records, teacher evaluations, behavioral or psychological evaluations, and any other documents included in L.R.'s student record.

**RESPONSE**: **Objection. Defendant objects to the production of the records of non-party and minor child L.R. These documents are protected by L.R.'s privacy rights and the request for same is overbroad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, Defendant states that there are no disciplinary records for L.R.**

13. All documents that relate or pertain to any Title IX complaint(s) or complaint(s) of sexual harassment involving the Plaintiff, whether physical or verbal, at any time during her enrollment as a student at Defendant Academir.

**RESPONSE**:    None.

14. All documents that relate or pertain to any Title IX complaint(s) or complaint(s) of sexual harassment involving L.R., whether physical or verbal, at any time during her enrollment as a student at Defendant Academir.

**RESPONSE**:    None.

15. All documents that relate or pertain to any Title IX complaint(s) or complaint(s) of student sexual harassment, whether physical or verbal, made in the past seven (7) years.

**RESPONSE**:    None.

16. All documents that relate or pertain to Defendant Academir's personnel handbook provided to employees at the outset of their employment, which was in effect at any time during Plaintiff's enrollment with Defendant Academir.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

17. All documents that relate or pertain to Defendant Academir's policies or procedures regarding harassment, discrimination, and retaliation, which were in effect at any time during Plaintiff's enrollment with Defendant Academir.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

18. All documents that relate or pertain to Defendant Academir's policies or procedures regarding Title IX compliance, including but not limited to reporting and investigation of complaints, which were in effect at any time during Plaintiff's enrollment with Defendant Academir.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

19. All documents that relate or pertain to Defendant Academir's policies or procedures regarding sexual harassment prevention, including but not limited to reporting and investigation of complaints, which were in effect at any time during Plaintiff's enrollment with Defendant Academir.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

20. All documents that relate or pertain to any of Defendant Academir's policies, guidelines or procedures regarding student conduct and disciplinary procedures, which were in effect at any time during Plaintiff's enrollment with Defendant Academir.

**RESPONSE**:   **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

21. All documents that relate or pertain to any Title IX training given to employees, staff, or faculty of Defendant Academir from 2017 to present.

**RESPONSE**:   **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

22. All documents that relate or pertain to any sexual harassment prevention training given to employees, staff, or faculty of Defendant Academir from 2017 to present.

**RESPONSE**:   **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

23. All documents that relate or pertain to any third parties or external organizations that Defendant Academir has engaged for the purpose of Title IX and/or sexual harassment prevention training or investigations, from 2017 to present.

**RESPONSE**:   **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

24. All documents that relate or pertain to communications between Defendant Academir and any federal, state, or local government agency regarding Title IX compliance and/or sexual harassment prevention from 2017 to present.

**RESPONSE**:   None.

25. All documents that reflect, describe, or relate to the financial condition (including all assets and liabilities) of Defendant Academir, for the past five (5) years, including but not limited to, financial statements, annual reports,

balance sheets, asset and liability statements and profit and loss, and income tax returns (including information returns).

**RESPONSE**: **Defendant objects to this Request being overly broad, unduly burdensome, vague, harassing and to the extent that Plaintiff seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.**

26. All documents that relate or pertain to any agreements between Defendant Academir and Defendant Academir, including but not limited agreements reflecting any business arrangement to provide goods or services between Defendant Academir and Defendant SCSS.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

27. All documents that relate or pertain to any funds exchanged between Defendant Academir and Defendant SCSS for any purposes, including but not limited to contractual agreements, invoices, purchase orders, and documents reflecting services rendered by either Defendant Academir or Defendant SCSS.

**RESPONSE**: **Defendant objects to this Request being overly broad, unduly burdensome, vague, harassing, and to the extent that Plaintiff seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.**

28. All documents that relate or pertain to any federal funding given to Defendant Academir in the past five (5) years, whether directly, or indirectly.

**RESPONSE**: **Defendant objects to this Request being overly broad, unduly burdensome, vague, harassing, and to the extent that Plaintiff seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, responsive documents have been requested and all**

>non-privileged documents will be produced under separate cover.

29. All documents that relate or pertain to any investigation conducted by Defendant Academir into the Sexual Incident alleged by Plaintiff.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

30. All documents that relate or pertain to any investigation conducted by Defendant Academir into any complaint of discrimination or harassment alleged by Plaintiff.

**RESPONSE**: **Defendant objects to this Request being overly broad, unduly burdensome, vague, harassing, and to the extent that Plaintiff seeks information that is neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, this request calls for information protected by the work product and attorney client privileges. Without waiving said objection, responsive documents have been requested and all non-privileged documents will be produced under separate cover**

31. All documents, including emails and text messages, relating to or evidencing any investigation by Defendant Academir into the Sexual Incident alleged by Plaintiff.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

32. All documents, including emails and text messages, relating to or evidencing any investigation by Defendant Academir into Plaintiff's complaints of discrimination and/or harassment.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

33. All documents that relate or pertain to any report, statement, recording, memorandum or testimony, whether signed or not, and whether prepared by

someone other than said person or not, collected as part of Defendant Academir's investigation into the Sexual Incident alleged by Plaintiff.

**RESPONSE**:     **None.**

34.    All documents that relate or pertain to any report, statement, recording, memorandum or testimony, whether signed or not, and whether prepared by someone other than said person or not, concerning the facts of this lawsuit.

**RESPONSE**:    **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

35.    All documents that relate or pertain any and all surveillance systems or cameras installed in or around the location where the Sexual Incident was alleged to have taken place.

**RESPONSE**:     **None.**

36.    All photographs and video recordings that relate or pertain to surveillance systems or cameras installed in or around the location where the Sexual Incident was alleged to have taken place.

**RESPONSE**:    **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

37.    All video recordings of the Plaintiff from surveillance systems or cameras installed in or around the location where the Sexual Incident was alleged to have taken place, captured from January 13, 2023 to January 27, 2023.

**RESPONSE**:    **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

38.    All documents that relate or pertain to actions taken by Defendant Academir, or any of its staff, faculty, employees, or agents, in response to the Sexual Incident, including any disciplinary or remedial measures taken against any student or employee.

**RESPONSE**:    **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

39. All documents that relate or pertain to any accommodations or modifications offered to the Plaintiff after the Sexual Incident, including but not limited to counseling services, support services, class schedule changes, or remedial measures of any kind offered to the Plaintiff.

**RESPONSE**: **Responsive documents have been requested and all non-privileged documents will be produced under separate cover.**

40. All documents supplied to any state, federal and/or local government agency by Defendant Academir regarding Plaintiff's claims in this lawsuit, including but not limited to any communications exchanged between Defendant Academir and any state, federal and/or local government agency.

**RESPONSE**: **None.**

41. All documents supplied to any law enforcement agency by Defendant Academir regarding Plaintiff's claims in this lawsuit, including but not limited to any communications exchanged between Defendant Academir and any law enforcement agency.

**RESPONSE**: **None.**

42. All documents you intend to introduce at trial and/or summary judgment to defend against Plaintiff's claims or to support the affirmative defenses raised in your answer.

**RESPONSE**: **Defendant objects to this Request on the grounds that it is overbroad, vague, and ambiguous. Defendant further objects to this Request on the grounds that it is premature, and Defendant cannot anticipate in advance what documents it will or will not introduce at trial and/or summary judgment.**

43. All documents that relate or pertain to those persons who Defendant Academir intends to call as an expert witness, as well as the copy of said expert's report, memoranda or other items contained in said expert witness' file including all correspondence or emails between said expert and Defendant Academir or Defendant Academir's counsel, if any.

**RESPONSE**: **Defendant objects to this Request on the grounds that it is premature. The Defendant at this time has not**

> made a determination of which fact or expert witnesses it will present at trial.

44. All documents received as a result of any subpoena(s), release(s), or FOIA request(s), you have issued in connection with this matter.

**RESPONSE**: None.

45. All statements, oral or written, sworn or otherwise, taken from any witnesses, Defendant Academir's current or former employees, officers, representatives, or agents or any third parties, and any memoranda of interviews concerning the subject matter of this litigation.

**RESPONSE**: None.

46. Any report or other documents provided to you by a private investigator that relate or refer to the above-styled matter.

**RESPONSE**: None.

47. All documents which relate or pertain to any agreements between you and any third parties concerning Plaintiff or the subject matter of this action.

**RESPONSE**: None.

48. All insurance policies pursuant to which any portion of claims alleged in this case will or may be indemnified.

**RESPONSE**: **The insurance policy has been requested and will be produced under separate cover.**

 

**I HEREBY CERTIFY** that on December 27, 2023, a true and correct copy of the foregoing was served on counsel for Plaintiff.

/s/Julie B. Karron
JULIE B. KARRON, ESQ.
Florida Bar No.: 14683
FREEMAN MATHIS & GARY, LLP

                    2502 N. Rocky Point Drive, Suite 550
                    Tampa, Florida 33607
                    Tel: (813) 774-6363
                    Fax: (833) 330-0369
                    julie.karron@fmglaw.com
                    soraya.sierra@fmglaw.com
                    Attorneys for Defendant -
                    Academir Charter Schools, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by electronic mail, which furnished same via electronic mail delivery on December 27, 2023, to Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 701 Brickell Avenue, Suite 1310, Miami, FL 33131 (Counsel for Plaintiffs), at Kyle@dereksmithlaw.com; caroline@dereksmithlaw.com; and kylemacdonald@recap.email; and Scott Yount, Esq and Julie McHaffie, Esq., Garrison, Yount, Forte & Mulcahy, LLC, 601 Bayshore Blvd., Suite 800, Tampa, Florida 33606, at syount@garrisonyount.com, jmchaffie@garrisonyount.com, and dtrujillo@garrisonyount.com.