UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE, a minor, by and through her
mother and next friend, MOTHER DOE,

          CASE NO.: 1:23-cv-23004-JB

    Plaintiff,

v.

ACADEMIR CHARTER SCHOOLS, INC.,
and SUPERIOR CHARTER SCHOOL
SERVICES, INC.,

    Defendants.
_____/

**PLAINTIFF'S *UNOPPOSED* MOTION FOR EXTENSION OF DISCOVERY DEADLINE AND DISPOSITIVE MOTION DEADLINE**

Plaintiff, JANE DOE ("Plaintiff"), by and through her undersigned counsel, hereby moves this Court for a forty-five (45) day extension of the discovery deadline and dispositive motion deadline set forth in the Scheduling Order [ECF No. 29], and in support states as follows:

**INTRODUCTION**

1. The Scheduling Order sets this case for trial on the Court's two-week trial calendar beginning on November 18, 2024, and provides the following pertinent pre-trial deadlines:

    a. July 15, 2024 — discovery completion deadline;

    b. August 12, 2024 — dispositive pretrial motion deadline;

    c. September 12, 2024 — mediation completion deadline;

    d. October 25, 2024 — pre-trial motion deadline; and

    e. November 1, 2024 — filing of joint pre-trial stipulation.

1

2. Plaintiff has acted diligently to attempt to meet those deadlines. The Parties are currently engaged in the discovery process, which is proving to be more complex and time-consuming than initially anticipated due to the detailed nature of the case.

3. Pursuant to Fed. R. Civ. P. 16(b)(4) and S.D. Fla. Local Rule 7.1(a)(1)(J), Plaintiff must show good cause to modify the Scheduling Order [ECF No. 23] in this case.

4. In the instant case, good cause exists to extend the discovery deadline in order to permit Plaintiff to conduct discovery necessary to adjudicate her claims.

5. It is the intention of Plaintiff to conduct a thorough and comprehensive discovery process and Plaintiff requires additional time for the discovery period than the Parties originally requested at the outset of the case.

6. In light of these circumstances, Plaintiff proposes that the discovery deadline be extended to August 29, 2024, which represents a forty-five (45) day extension from the current deadline.

7. Plaintiff further requests that the dispositive motions deadline also be extended by forty-five (45) days, until September 26, 2024, to ensure that the Parties are able to utilize all evidence gathered in discovery for any dispositive motions.

8. The granting of this extension will not impact the remaining pre-trial deadlines or the current trial date and is necessary for the thorough and fair resolution of this case.

9. Defendants will not be prejudiced by the extension, as they do not oppose the relief sought herein.

10. The Court will also not be inconvenienced as the "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding

of the true facts, and therefore embody a fair and just result." *Weiss v. Standard Ins. Co.*, No. 08-80712-CIV, 2009 WL 1833963, at *2 (S.D. Fla. June 25, 2009) (citing *U.S. v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). Further, the Federal Rules "strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)

11. This extension will provide the Parties with the necessary time to complete discovery adequately without unduly delaying the proceedings.

12. This is the first request for an extension of any pre-trial deadlines in the case. This request is not made for the purpose of causing delays and if granted, will serve the interests of justice by ensuring that the Parties have the opportunity to conduct a complete and thorough discovery process.

## CONCLUSION

WHEREFORE, Plaintiff, JANE DOE, respectfully requests that the Court enter an order extending the discovery deadline and dispositive motion deadline each by forty-five (45) days, as set forth herein, as well as any other relief the Court deems equitable, just, and proper.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the Plaintiff has conferred with counsel for the Defendants, who have advised that the Defendants do not oppose the relief requested herein.

|  |  |
|---|---|
| Dated:  Miami, Florida<br>June 4, 2024, | **DEREK SMITH LAW GROUP, PLLC**<br>*Counsel for Plaintiff*<br><br>*/s/ Kyle T. MacDonald*<br>Kyle T. MacDonald, Esq.<br>Florida Bar No.: 1038749<br>Derek Smith Law Group, PLLC<br>520 Brickell Key Drive, Suite O-301<br>Miami, FL 33131<br>Tel: (305) 946-1884<br>Fax: (305) 503-6741<br>Kyle@dereksmithlaw.com |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on June 4, 2024, on all counsel of record on the service list below via CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**FREEMAN MATHIS & GARY, LLP**

Christopher T. Lawson, Esq.
Florida Bar No.: 1025196
Julie B. Karron, Esq.
Florida Bar No.: 14683
FREEMAN MATHIS & GARY, LLP
2502 N. Rocky Point Drive, Suite 550
Tampa, Florida 33607
Tel: (813) 774-6363
Fax: (833) 330-0369
julie.karron@fmglaw.com
chris.lawson@fmglaw.com

*Counsel for Defendant Academir Charter Schools, Inc.*

**GARRISON, YOUNT, FORTE & MULCAHY, LLC**

Scott P. Yount, Esq.
Florida Bar No.: 0021352
GARRISON, YOUNT, FORTE & MULCAHY, LLC
601 Bayshore Blvd., Suite 800
Tampa, Florida 33606
Phone: 813-275-0404
Fax: 813-275-0304

*Counsel for Defendant Superior Charter School Services, Inc.*