# EXHIBIT D

| | |
|---|---|
| **From:** | Chris Lawson |
| **To:** | Kyle MacDonald |
| **Cc:** | Julie Karron; Kerri A. McLaughlin; Soraya Sierra; Julie McHaffie; Scott Yount |
| **Subject:** | RE: Doe v. Academir et al. – Deficiency Letter Response |
| **Attachments:** | image002.png |

Hey there Kyle,

Thanks for making the time for my call yesterday. I just got word from our clients that they would not oppose having a forensic expert come and review the Title IX docs **only**. The only hiccup they have at the moment is that they are out of the country until the 24th. When they return they are calling me to discuss when they can make the office open for the expert to come in, and we can coordinate scheduling better once they give us those dates.

Best,

**Chris Lawson**

Attorney at Law

**Freeman Mathis & Gary, LLP**

2502 North Rocky Point Drive | Suite 550 | Tampa, FL 33607-1447

D: 813-868-4059 | C: 402-541-5466

Chris.Lawson@fmglaw.com

www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement

**From:** Kyle MacDonald <kyle@dereksmithlaw.com>
**Sent:** Monday, June 10, 2024 3:57 PM
**To:** Chris Lawson <Chris.Lawson@fmglaw.com>
**Cc:** Julie Karron <Julie.Karron@fmglaw.com>; Kerri A. McLaughlin <Kerri.McLaughlin@fmglaw.com>; Soraya Sierra <Soraya.Sierra@fmglaw.com>; Julie McHaffie <jmchaffie@garrisonyount.com>; Scott Yount <syount@garrisonyount.com>
**Subject:** Re: Doe v. Academir et al. - Deficiency Letter Response

> **Caution:** This email originated from outside of the FMG organization. **Do not click links** or **open attachments** unless you recognize the sender and know the content is safe.

Good afternoon Chris,

Thank you for your response and for providing those documents. However, we still have concerns regarding the authenticity and completeness of the metadata associated with the Title IX Microsoft Word documents.

Given that your client is unable to produce the necessary metadata in the files directly, we will need to conduct a forensic examination of the devices on which these files were originally created and/or stored. This metadata is crucial for the authentication of the documents, and your email indicates that it can be accessed while on the original devices. Due to the current discovery deadline, it is important we get this issue addressed quickly. Accordingly, please confirm by no later than tomorrow, June 11th, at 5:00 PM, whether the

Defendants will voluntarily agree to this forensic examination.

If we do not receive confirmation, we will proceed to set a discovery hearing with Judge Torres to request a court order for this inspection and examination. If that is the case, we will request dates from the Court and coordinate with your availability.

If you have any questions or wish to discuss this further, please let me know. We look forward to hearing from you.

**Kyle T. MacDonald, Esq.**
*Admitted in FL



**Derek Smith Law Group, PLLC**
520 Brickell Key Drive, Suite O-301 | Miami, Florida 33131
Toll Free: (800) 807-2209 | Direct: (786) 568-8120
Email: kyle@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
**New York | New Jersey | Philadelphia | Miami | Los Angeles | San Francisco | San Diego**

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

**From:** Chris Lawson <Chris.Lawson@fmglaw.com>

**Date:** Friday, June 7, 2024 at 4:09 PM

**To:** Kyle MacDonald <kyle@dereksmithlaw.com>

**Cc:** Julie Karron <Julie.Karron@fmglaw.com>, Kerri A. McLaughlin <Kerri.McLaughlin@fmglaw.com>, Soraya Sierra <Soraya.Sierra@fmglaw.com>, Julie McHaffie <jmchaffie@garrisonyount.com>, Scott Yount <syount@garrisonyount.com>

**Subject:** Doe v. Academir et al. - Deficiency Letter Response

Good afternoon Kyle,

Thank you for your patience as we work on pulling the documents together. We ran into a few hiccups but have provided what we have, as well as some notes and guidance on the items sought in your letter. We hope the following clarifies any concerns or confusion about the documents sought in your May 24, 2024, letter.

- The non-PDF email chain in # 4 of your letter is attached
- The PowerPoint from which the binder cover was created is attached, per request # 6 in your letter
- The Google Form (# 5):
    - I spoke with our clients and their IT staff, and they have advised me that the only way to access the metadata in the Google Form is by providing a subpoena directly to Google. I have looked over the original Google Form myself and do not see an option or properties tab that indicates when the form was created or encompassing any metadata to it. Our client's IT staff has expressed that Google Form metadata is not available to a user and is only stored/kept through Google directly.
    - We can, however, provide your office with temporary access to the Google Form folder

(which has a pane to view any submissions made therefrom), but the only apparent way to do so is to give access to a user with a Gmail account. I was only able to access it from my Gmail account, not my work email. If your team has a Google email or emails we can give temporary access to the Google Form to, please let us know and we can coordinate access to the Google Form. We can discuss how long your team needs to have permissions; would seven days be sufficient for your team to inspect the Google Form?

- The Title IX 2023-2024 and 2022-2023 policies (## 1-3):
    - Attached are the Word document copies our client provided. I will note that our clients had considerable difficulty sending these to us in Word format without the metadata being impacted. My impression from working with these documents over the last two weeks is that the metadata changes when you download, transfer, save a copy of a Word document to PDF, or move a file to a drive. I think this explains why, when we sent the PDF copies, that the creation and edit dates reflected dates around the witness' deposition dates. I have attached the two Title IX policies here in the same format I received them from our client.
    - To help ameliorate any concerns, our client has also provided the screenshots attached with the metadata they could access on *their* system. As you will see, the original was created in 2022----not the dates incidental to the deposition. I was not present at the depositions, but my understanding is that Academir/Superior built off the original created in 2022 when making the 2023-2024 version.

Thank you again for your patience with this matter and please let us know if you have any further questions from here.

Have a wonderful weekend,

**Chris Lawson**
Attorney at Law
**Freeman Mathis & Gary, LLP**
**2502 North Rocky Point Drive | Suite 550 | Tampa, FL 33607-1447**
**D: 813-868-4059 | C: 402-541-5466**
Chris.Lawson@fmglaw.com
www.fmglaw.com | Instagram | Twitter | Facebook



AZ | CA | CO | CT | DE | FL | GA | IL | IN | KY | MA | NJ | NM | NV | NY | OH | PA | RI | TN | TX | WA
Please read this important notice and confidentiality statement