UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE, a minor, by and through her
mother and next friend, MOTHER DOE,

        Plaintiff,

  v.

ACADEMIR CHARTER SCHOOLS, INC.,
and SUPERIOR CHARTER SCHOOL
SERVICES, INC.,

        Defendants.
_____/

CASE NO.: 1:23-cv-23004-JB

Chief Magistrate Judge Edwin G. Torres

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO EXTEND DISCOVERY DEADLINE OR IN THE ALTERNATIVE MOTION TO COMPEL PLAINTIFF'S RESPONSE TO DISCOVERY**

Plaintiff, JANE DOE ("Plaintiff" and/or "Jane"), by and through her undersigned counsel, respectfully submits this Response in Opposition to the Joint Motion to Extend Discovery Deadline or in the Alternative Motion to Compel Plaintiff's Response to Discovery, filed by Defendants, ACADEMIR CHARTER SCHOOLS, INC. and SUPERIOR CHARTER SCHOOL SERVICES, INC. ("Defendants' Motion") [D.E. 45], and states as follows:

**INTRODUCTION**

Defendants' Motion represents a last-minute attempt to avoid the consequences of their own lack of diligence and is not only procedurally deficient, but also fails to establish the necessary good cause to support their request. Despite clear directives from this Court and ample opportunity to conduct discovery, Defendants chose to delay until the final weeks of the discovery period, now seeking relief that would unfairly prejudice Plaintiff and disrupt the efficient progress of this case. Defendants' eleventh-hour attempts to compel discovery responses—without good cause and in

1

violation of Local Rules—should not be rewarded. For these reasons and those set forth below, Plaintiff respectfully requests that the Court deny Defendants' Motion in its entirety.

## RELEVANT FACTUAL BACKGROUND

1. On or around November 18, 2023, the Court issued its Scheduling Order [D.E. 21], which established a discovery deadline of July 15, 2024. On or around April 3, 2024, the Court issued a superseding Scheduling Order [D.E. 29], which maintained the same discovery deadline.

2. During the discovery period, Defendants engaged in a wide range of misconduct, ranging from fabricating evidence to making intentional misrepresentations in sworn statements, which is currently the subject of Plaintiff's Motion for Default Judgment and for Sanctions [D.E. 34] separately pending before the Court.

3. However, for the majority of the discovery period, Defendants failed to propound any written discovery or seek to schedule any depositions.

4. On or around June 4, 2024, Plaintiff moved for a 30-day extension of the discovery deadline to allow until August 29, 2024, to conduct discovery [D.E. 32].

5. On or around July 2, 2024, the Court granted Plaintiff's extension request and, in its Order, specifically stated "[t]he Court will not grant further extensions of the deadlines" [D.E. 33]. At this time, Defendants still had not yet propounded a single written discovery request.

6. On or around August 8, 2024, Defendants each served their respective First Set of Interrogatories and First Request for Production to Plaintiff.

7. In response, Plaintiff informed Defendants that the requests were untimely under Southern District of Florida Local Rule 26.1(d), which states in relevant part:

> **(d) Completion of Discovery.** Party and non-party depositions must be scheduled to occur, and written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.

8. Counsel for Defendants replied by stating, "We will file a motion if you can't agree but this will impact mediation since we need the responses." *See* Ex. A. Outside of this single email, Defendants failed to otherwise confer on this issue or inform Plaintiff of their intent to seek the requested relief currently before the Court, in direct contravention of the conferral requirements under the Local Rules and this Court's Orders, including both the Court's Scheduling Order [D.E. 29], and Order Setting Discovery Procedures [D.E. 30].

9. Despite Defendants' dilatory conduct, Plaintiff has accommodated Defendants' rush to conduct discovery in a good-faith effort to avoid unnecessary disputes. These efforts include agreeing to allow Defendants to depose Plaintiff's expert witness outside of the discovery period, as well as voluntarily producing documents throughout the discovery period, including on January 22, 2024; May 7, 2024; July 1, 2024; and August 14, 2024.

## ARGUMENT

### I. Defendants' Motion Fails to Demonstrate Good Cause and Seeks to Excuse Their Dilatory Conduct

Federal Rule of Civil Procedure 16(b) provides that a schedule "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (quoting FED. R. CIV. P. advisory committee's note)). "Good cause to modify a Scheduling Order is often denied due to carelessness, oversight, inadvertence, or a failure to act diligently upon information obtained from an opposing party." *Bermudez v. AFR Envtl. Corp.*, No. 16-CV-61363-COOKE/TORRES, 2017 U.S. Dist. LEXIS 57596, at *10 (S.D. Fla. Apr. 13, 2017) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992))

Defendants' attempt to extend the discovery deadline or compel responses to their untimely discovery requests is an effort to excuse their own dilatory conduct, which should not be condoned by this Court. The Court previously granted an extension of the discovery deadline on July 2, 2024, allowing all discovery to be completed by August 29, 2024, while expressly stating that no further extensions would be allowed [D.E. 33]. Despite this clear directive, Defendants waited until August 8, 2024, to serve their First Request for Production and First Set of Interrogatories—just 21 days before the close of discovery on August 29, 2024, and after more than 10 months of discovery had elapsed. Defendants now seek an extension of the discovery period or an order compelling Plaintiff to respond to discovery requests that were served well past the appropriate time frame. Southern District of Florida Local Rule 26.1(d) explicitly states that a party is not required to respond to discovery requests served within 30 days of the discovery deadline. Defendants, fully aware of this rule, chose to wait until the last possible moment to serve these requests.

Defendants' Motion offers no legitimate explanation for their delays, merely stating that they "need" these responses to defend themselves adequately. Defendants fail to offer any explanation as to how they acted diligently despite failing to propound discovery requests during the more than 10-month period they had to do so, or any unforeseen circumstances which necessitate their extension request. Defendants' "lack of diligence is fatal to their motion because it is a well settled principle in our circuit that '[d]iligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry.'" *Tic Park Ctr., 9 LLC. v. Cabot*, No. 16-CV-24569-COOKE/TORRES, 2018 U.S. Dist. LEXIS 221005, at *11 (S.D. Fla. Aug. 28, 2018) (quoting *Roberson v. BancorpSouth Bank, Inc.*, 2013 U.S. Dist. LEXIS 130423, at *7 (S.D. Ala. Sept. 12, 2013)). Defendants' Motion fails to demonstrate good cause, and their inaction should not be rewarded with an extension or an order compelling responses.

Defendants cite to *Zagg Inc. v. Ichilevici* in support of their position, but their reliance is entirely misplaced. *Zagg Inc. v. Ichilevici*, No. 1:23-CV-20304, 2024 U.S. Dist. LEXIS 15956, at *10 (S.D. Fla. Jan. 30, 2024). Unlike the situation in *Zagg*, where a discovery extension was granted due to unforeseen circumstances outside the control of the moving party due to new information learned in a deposition, here, Defendants had the entire discovery period to serve their requests but simply chose not to do so. *Id.* In reaching its decision, the Court in *Zagg* also specifically noted that the extension was unlikely to impact any deadlines since a stay was issued in the case. In contrast, no stay has been entered in this case, and the extension will, in fact, have a direct impact on the remaining pre-trial deadlines. *Id*.

Moreover, Defendants' claims that they will suffer prejudice if they do not receive responses is unconvincing given that Defendants offer no justification as to why they did not propound any discovery until the final days of the discovery period. In *Ohayon v. JP Morgan Chase Bank, N.A.*, the Court rejected this very same proposition, finding that "[w]hile Defendant contends it will be prejudiced if it does not receive the requested discovery, it is Defendant's dilatory conduct that put Defendant in this situation." *Ohayon v. JP Morgan Chase Bank, N.A.*, No. 20-CV-62664-COHN/STRAUSS, 2021 U.S. Dist. LEXIS 138906, at *5–6 (S.D. Fla. July 26, 2021) (denying motion to compel discovery responses to untimely discovery requests); *see also Kleiman v. Wright*, No. 18-CV-80176-BLOOM/REINHART, 2020 U.S. Dist. LEXIS 85, at *2–3 (S.D. Fla. Jan. 2, 2020) (denying motion to compel discovery responses served less than 30 days before the discovery cut-off pursuant to Local Rule 26.1(d)). Defendants had ample time to engage in discovery and cannot now claim harm due to their own inaction. The Court should not condone such tactics, which only serve to delay the proceedings and increase the burden on both Plaintiff and the Court.

Either form of relief sought by Defendants will undoubtedly result in undue prejudice to the Plaintiff and disrupt the case management deadlines set forth by the Court. Defendants' Motion requests that the Court (1) extend the discovery deadline by 14 days or, in the alternative, (2) enter an order compelling Plaintiff to respond to Defendants' discovery requests within 30 days. As to the first form of relief, if the Court were to grant a 14-day extension, the discovery deadline would be extended until September 12, 2024, roughly 23 days from the date of filing this Response. Plaintiff would, therefore, be required to respond to Defendants' requests on an expedited basis, solely due to Defendants' failure to conduct discovery properly. Although Defendants did not attach copies of their discovery requests to their Motion, granting Defendants' requested relief would require Plaintiff to respond to a total of 52 interrogatories (notably exceeding the amount allowed under Rule 33), and 78 document requests on an expedited basis. This imposes an undue burden on Plaintiff to no fault of her own, and Defendants fail to provide any meaningful explanation to justify such a request.

Similarly, requiring Plaintiff to respond to both sets of discovery requests within 30 days would unfairly prejudice her ability to adequately prepare for and comply with the Court's remaining pre-trial deadlines. Even assuming the Court entered an order on the same day this Response is filed and no extensions were granted—a courtesy that Defendants previously enjoyed in responding to discovery—Plaintiff would be compelled to do so a mere seven (7) days before the Court's September 26, 2024, deadline for dispositive pre-trial motions and *Daubert* motions. Simultaneously, during this 30-day discovery period, Plaintiff would also need to prepare for and defend the untimely expert witness depositions requested by Defendants, while adhering to the Court's approaching deadlines for pre-trial motions. With trial set to begin in just 90 days, neither the Court nor the Plaintiff should be forced to go to these great lengths and conduct the equivalent of an entire discovery period within several weeks to answer for the Defendants' neglect.

6

## II. **Defendants Failed to Comply with the Conferral Requirements of Local Rule 7.1 and the Court's Orders**

"Compliance with Local Rule 7.1(a)(3) is mandatory and serves an important purpose." *Hernandez v. Ticketmaster, LLC*, No. 18-CV-20869, 2018 U.S. Dist. LEXIS 80373, at *8 (S.D. Fla. May 14, 2018). "The purpose of the rule is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before deciding the motion." *Aguilar v. United Floor Crew Inc.*, No. 14-CV-61605, 2014 U.S. Dist. LEXIS 166468, at *3 (S.D. Fla. Dec. 1, 2014).

Defendants' Motion falsely claims to have satisfied the conferral obligations set forth by Local Rule 7.1(a)(3), stating, "Both Defendants have attempted in good faith to resolve the issue, pursuant to Southern District of Florida Local Rule 7.1, but to no avail as Plaintiff confirmed they would not be providing responses to either sets of discovery requests." *See* Defs.' Mot., p. 2. This statement is a misrepresentation to the Court, as no good faith conferral efforts ever occurred. After Plaintiff's counsel pointed out that the Defendants' discovery requests were untimely under Local Rule 26.1(d), Defendants' counsel sent an email with a single sentence stating, "We will file a motion if you can't agree but this will impact mediation since we need the responses." *See* Ex. A. Defendants' counsel never made any further efforts to communicate with Plaintiff's counsel on this issue and simply proceeded with filing in violation of Local Rule 7.1(a)(3), which, by itself, warrants denial of Defendants' Motion. *See Burleigh House Condo., Inc. v. Rockhill Ins. Co.*, No. 21-CV-22911, 2022 U.S. Dist. LEXIS 209712, at *7, *14 (S.D. Fla. Nov. 18, 2022) (denying motion for failure to comply with Local Rule 7.1 where "counsel merely announced his plan to file such a motion and never discussed the merits of the parties' positions before filing the motion").

A proper conferral under the rule, at a minimum, would require Defendants to inform Plaintiff of the relief they intend to seek and the reasoning behind Defendants' position. Instead, Defendants simply announced their intent to file "a motion" without informing Plaintiff that they intended to move to extend the discovery deadline or compel responses, never mind genuinely attempting to resolve the dispute. Defendants nonetheless improperly verified their compliance with the conferral requirements of Local Rule 7.1(a)(3). The Eleventh Circuit has affirmed that this non-compliance alone is an independent basis to deny a motion and impose sanctions on counsel. *See Burleigh House Condo., Inc.*, 2022 U.S. Dist. LEXIS 209712, at *14 (citing *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014)). Defendants' attempts to circumvent their obligations under the Local Rules and this Court's orders should not be tolerated. The procedural deficiencies of Defendants' Motion, combined with their failure to demonstrate any good cause, are more than sufficient to warrant its denial in its entirety.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion in its entirety.

Dated: Miami, Florida
August 20, 2024,

**DEREK SMITH LAW GROUP, PLLC**
*Counsel for Plaintiff*

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Kyle@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on August 20, 2024, on all counsel of record identified on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**KELLY KRONENBERG**

Julie B. Karron, Esq.
Florida Bar No.: 1025196
KELLY KRONENBERG
10360 West State Road 84
Fort Lauderdale, Florida 33324
Phone: 954-370-9970
Fax: 954-382-1988
Email: jkarron@kellykronenberg.com

*Counsel for Defendant Academir Charter Schools, Inc.*

**GARRISON, YOUNT, FORTE & MULCAHY, LLC**

Scott P. Yount, Esq.
Florida Bar No.: 0021352
GARRISON, YOUNT, FORTE & MULCAHY, LLC
601 Bayshore Blvd., Suite 800
Tampa, Florida 33606
Phone: 813-275-0404
Fax: 813-275-0304

*Counsel for Defendant Superior Charter School Services, Inc.*