UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23004-BECERRA/TORRES

JANE DOE, a minor, by and through
her mother, MOTHER DOE,

    Plaintiff,

v.

ACADEMIC CHARTER SCHOOLS, INC. and
SUPERIOR CHARTER SCHOOL SERVICES, INC.,

    Defendants.

_____/

**ORDER ON DEFENDANTS' MOTION TO EXTEND DISCOVERY DEADLINE OR IN THE ALTERNATIVE MOTION TO COMPEL PLAINTIFF'S RESPONSE TO DISCOVERY**

This cause comes before the Court on Defendants', Academic Charter Schools, Inc. and Superior Charter School Services, Inc. (collectively, Defendants) motion to extend the discovery deadline, or alternatively, to compel Plaintiff's response to Defendants' discovery requests. [D.E. 45]. Plaintiff timely responded to the motion. [D.E. 47]. The motion, therefore, is ripe for disposition. After careful consideration of the briefing, record, and relevant authorities, and for the reasons set forth below, Defendants' motion is **DENIED**.[1]

---

[1] On August 13, 2024, the Honorable Jacqueline Becerra referred this motion to the Undersigned Magistrate Judge for disposition. [D.E. 46].

1

## I.   BACKGROUND

This case arises out of an alleged sexual assault of a minor on Defendants' school premises. The pending motion requests an extension of the discovery deadline so that Defendants may procure a response from Plaintiff as to Defendants' August 8, 2024 discovery requests. Alternatively, Defendants seek an order compelling Plaintiff to respond to the discovery requests.

Plaintiff, meanwhile, refuses to respond to the discovery requests because they are ostensibly untimely. Further, Plaintiff asserts that Defendants have not established the requisite good cause to, once again, extend the discovery deadline.

## II.   ANALYSIS

We will first address Defendants' motion for an extension of the discovery deadline before assessing Defendants' motion for an order to compel responses.

### A. *Discovery Deadline Extension*

Under Federal Rule of Civil Procedure 16, the Court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Eleventh Circuit has long clarified that "[t]his good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). And it is, of course, the movant's burden to establish good cause; i.e., that the movant has practiced diligence yet still is unable to comply with the scheduling order. *See TIC Park Ctr., 9 LLC v. Cabot*, No. 16-24569-CIV, 2018 WL 4828435, at *4 (S.D. Fla. Aug. 28, 2018) ("The

burden of establishing good cause [and] diligence rests squarely on the party seeking relief from the scheduling order.").

Here, Defendants have not even attempted to explain the good cause that they believe supports another amendment to the Court's scheduling order. That lack of good cause is amplified by this Court's order—already extending the discovery deadline—requiring that "[a]ll discovery shall be completed by no later than August 29, 2024." [D.E. 33]. Moreover, the Court made abundantly clear that "[t]he Court will not grant further extensions of the deadlines." [*Id.*]. As Plaintiff points out, Defendants received this "clear directive" from the Court, and yet still waited until August 8, 2024 to serve their *first* discovery requests in this case—only 21 days before the discovery deadline (which will lapse before Plaintiff's responses would be due).

Thus, because Defendants have not established good cause to convince this Court to once again amend its scheduling order to excuse their lack of diligence, the Court denies Defendants' motion to extend the discovery deadline. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (affirming the district court's denial of motion to amend scheduling order because "[t]he record makes clear that Sosa's failure to comply with the court's scheduling order resulted from a lack of diligence in pursuing her claim"); *Esys Latin Am., Inc. v. Intel Corp.*, 290 F.R.D. 563, 564 (S.D. Fla. 2013) (denying motion to extend discovery deadline because the movant "does not present any reasons constituting good cause warranting an additional extension of time," especially where "[t]he Court has already granted previous extensions" and the movant "does not provide any explanation for the delay in

propounding discovery on Defendant"); *Maunlad Trans Inc. v. Carnival Corp.*, No. 18-24456-CIV, 2021 WL 3036557, at *1 (S.D. Fla. Feb. 10, 2021) (denying motion to extend discovery deadline because "Plaintiff has cited no authority to suggest that the reasons it articulates constitute good cause to further amend the deadlines in this matter," particularly after the discovery deadline had already been amended).

### B. *Motion to Compel*

Further, we deny Defendants' motion to compel.[2] Our Local Rules require that "written discovery requests … seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date." S.D. Fla. Local Rule 26.1(d). Further, "[f]ailure by the party seeking discovery to comply with this paragraph obviates the need to respond or object to the discovery …." *Id*.

Here, Defendants served their (first) discovery requests on August 8, 2024. Plaintiff's response, therefore, would be due on September 9, 2024. Critically, the already-extended discovery deadline in this case is August 29, 2024. [D.E. 33]. Thus, an order requiring Plaintiff to respond to this discovery would directly contravene the Local Rules; i.e., that discovery must be served "in sufficient time that the response is due on or before the discovery cutoff date." *Id*.; *see Hernandez v. Mohawk Indus., Inc.*, No. 08-60810-CIV, 2009 WL 2208163, at *3 (S.D. Fla. July 24, 2009) (noting that under the Local Rules, Defendant "was not required to respond to" discovery requests for which responses were due after the discovery deadline lapsed).

---

[2] As an aside, Defendants' motion to compel is procedurally deficient under Section 3 of the Court's Order Setting Discovery Procedures. [D.E. 30]. Nonetheless, we opt to consider the written motion.

Accordingly, because Defendants have not shown good cause to extend the discovery deadline, and because the Local Rules dictate that Plaintiff is not required to respond to discovery requests after the discovery deadline lapses, Defendants' motion is denied in all respects. Had Defendants attempted to make any showing at all to indicate why these discovery requests were untimely, perhaps the Court would be more inclined to grant Defendants' request. But because the discovery deadline has already been amended (on unequivocal terms), and because Defendants have made no effort to show good cause or excusable neglect, the Court opts to enforce its scheduling order and the Local Rules.

### III.   CONCLUSION

For the reasons set forth above, Defendants' motion [D.E. 45] is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida this 21st day of August, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge