EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-23004-WPD

JANE DOE, a minor, by and through
her mother and next friend, Mother
Doe,

      Plaintiff,

vs.

ACADEMIR CHARTER SCHOOLS,
INC.,
SUPERIOR CHARTER SCHOOL
SERVICES, INC.

      Defendants.
_____/

## <u>DEFENDANT, SUPERIOR CHARTER SCHOOL SERVICES, INC.'S, AMENDED ANSWER AND AFFIRMATIVE DEFENSES</u>

Defendant, SUPERIOR CHARTER SCHOOL SERVICES, INC. responds to Plaintiff's Complaint as follows:

### <u>INTRODUCTION</u>

1.    Superior Charter School Services, Inc., admits only that Plaintiff has alleged a cause of action accruing within the Southern District of Florida. All remaining allegations are denied.

2.    Denied.

3.    Denied.

4.    Superior Charter School Services, Inc., admits only that Plaintiff

has alleged a cause of action accruing within the Southern District of Florida.

However, all remaining allegations are denied.

## PARTIES

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Denied as written.

10.     The averments of paragraph 10 are a legal conclusion to which no response is required.

11.     The averments of paragraph 11 are a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

12.     Admitted as to subject matter jurisdiction and that the Plaintiff has brought a claim under federal statute.

13.     Superior Charter School Services, Inc. admits only that Plaintiff has alleged a cause of action accruing within the Southern District of Florida. However, all remaining allegations are denied.

## FACTUAL ALLEGATIONS

14.     Denied.

15.     Denied.

16.     Denied.

17.     Admitted only to the extent that Jane reported an incident to her physical education teacher. All remaining allegations are denied.

18.     Admitted only to the extent that Jane reported an incident to her physical education teacher. However, all remaining allegations are denied.

19.     Denied except to admit that Ms. Castellon called Jane's mother.

20.     Denied.

21.     Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21, and therefore denies the same.

22.     Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22, and therefore denies the same.

23.     Admitted only to the extent that school officials met with Jane's parents regarding the reported incident. All remaining allegations are denied.

24.     Admitted only to the extent that school officials met with Jane's parents regarding the reported incident. All remaining allegations are denied.

25.     Admitted only to the extent that Ms. Valladares discussed with Jane's mother regarding the reported incident. All remaining allegations are denied.

26.     Superior Charter School Services, Inc. is without sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 26, and therefore denies the same.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Denied.

31.   Denied.

32.   Denied.

33.   Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33, and therefore denies the same.

34.   Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34, and therefore denies the same.

35.   Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35, and therefore denies the same.

36.   Admitted only to the extent that school officials met with Jane's parents regarding the reported incident. All remaining allegations are denied.

37.   Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in

paragraph 37, and therefore denies the same.

38. Denied.

39. Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 39, and therefore denies the same.

40. Admitted.

41. Denied.

42. Denied.

43. Admitted only to the extent that law enforcement officials were contacted regarding the purported incident. All remaining allegations are denied.

44. Admitted only to the extent that law enforcement officials were contacted regarding the purported incident. All remaining allegations are denied.

45. Denied as stated.

46. Denied as stated. The matter was investigated, and it was determined that it did not occur.

47. Denied as stated. The matter was investigated, and it was determined that it did not occur.

48. Denied as stated. The matter was investigated, and it was determined that it did not occur.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied.

53.   Denied.

54.   Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54, and therefore denies the same.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Denied as stated.

61.   Denied.

62.   Denied as stated. The matter was investigated, and it was determined that it did not occur.

63.   Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63, and therefore denies the same.

64.   Superior Charter School Services, Inc. is without sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 64, and therefore denies the same.

65.    Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65, and therefore denies the same.

66.    Superior Charter School Services, Inc. is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66, and therefore denies the same.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

## CAUSES OF ACTION
### COUNT I
#### 20 U.S.C. § 1681
**Deliberate Indifference to Sexual Harassment in Violation of Title IX (Jane Doe as Against Defendant Academir)**

73.    Superior Charter School Services, Inc. incorporates herein by reference its answers to paragraphs 14 through 72 of the Complaint as if the same were more fully set forth herein at length.

74-89. The averments of paragraphs 74-89 are directed to other than

Superior Charter School Services, Inc., and therefore no response is required.

**COUNT II**
**20 U.S.C. § 1681**
**Deliberate Indifference to Sexual Harassment in Violation of Title IX**
**(Jane Doe as Against Defendant SCSS)**

90.    Superior Charter School Services, Inc. incorporates herein by reference its answers to paragraphs 14 through 72 of the Complaint as if the same were more fully set forth herein at length.

91.    Admitted that Title IX generally prohibits discrimination and harassment on the basis of sex.

92.    Denied that Superior Charter School Services, Inc. receives federal funds. All remaining allegations are denied.

93.    The averments of paragraph 93 are a legal conclusion to which no response is required.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied, including subparts a through p.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   The averments of paragraph 104 are a legal conclusion to which no response is required.

## COUNT III
### 20 U.S.C. § 1681
### Retaliation in Violation of Title IX
### (Jane Doe as Against Defendant Academir)

105.   Superior Charter School Services, Inc. incorporates herein by reference its answers to paragraphs 14 through 72 of the Complaint as if the same were more fully set forth herein at length.

106-117.   The averments of paragraphs 106-117 are directed to other than Superior Charter School Services, Inc., and therefore no response is required.

## COUNT IV
### 20 U.S.C. § 1681
### Retaliation in Violation of Title IX
### (Jane Doe as Against Defendant SCSS)

118.   Superior Charter School Services, Inc. incorporates herein by reference its answers to paragraphs 14 through 72 of the Complaint as if the same were more fully set forth herein at length.

119.   Admitted that Title IX generally prohibits discrimination and harassment on the basis of sex.

120.   Denied that Superior Charter School Services, Inc. receives federal funds. All remaining allegations are denied.

121.   The averments of paragraph 121 are a legal conclusion to which no response is required.

122.   The averments of paragraph 122 are a legal conclusion to which no response is required.

123.   Denied.

124.   The averments of paragraph 123 are a legal conclusion to which no response is required.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   The averments of paragraph 130 are a legal conclusion to which no response is required.

**COUNT V**
**Negligence**
**(Jane Doe as Against Defendant Academir)**

131.   Superior Charter School Services, Inc. incorporates herein by reference its answers to paragraphs 14 through 72 of the Complaint as if the same were more fully set forth herein at length.

132-141.    The averments of paragraphs 132-141 are directed to other than Superior Charter School Services, Inc., and therefore no response is required.

**COUNT VI**
**Negligence**
**(Jane Doe as Against Defendant SCSS)**

142.   Superior Charter School Services, Inc. incorporates herein by reference its answers to paragraphs 14 through 72 of the Complaint as if the same were more fully set forth herein at length.

143.   The averments of paragraph 143 are a legal conclusion to which no response is required.

144.   The averments of paragraph 144 are a legal conclusion to which no response is required.

145.   The averments of paragraph 145 are a legal conclusion to which no response is required.

146.   Denied.

147.   Denied, including subparts a through e.

148.   Denied, including subparts a through f.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

153.   The averments of paragraph 153 are a legal conclusion to which no response is required.

## COUNT VII
### Negligent Failure to Train
### (Jane Doe as Against Defendant Academir)

154.   Superior Charter School Services, Inc. incorporates herein by reference its answers to paragraphs 14 through 72 of the Complaint as if the same were more fully set forth herein at length.

155-164.   The averments of paragraphs 155-164 are directed to other than Superior Charter School Services, Inc., and therefore no response is required.

## COUNT VIII
### Negligent Failure to Train
### (Jane Doe as Against Defendant SCSS)

165.   Superior Charter School Services, Inc. incorporates herein by reference its answers to paragraphs 14 through 72 of the Complaint as if the same were more fully set forth herein at length.

166. Admitted only to the extent that Jane was enrolled at Academir Charter School West Primary Learning Cetner. All remaining allegations are denied.

167. The averments of paragraph 167 are a legal conclusion to which no response is required.

168. The averments of paragraph 168 are a legal conclusion to which no

response is required.

169. The averments of paragraph 169 are a legal conclusion to which no response is required.

170. The averments of paragraph 170 are a legal conclusion to which no response is required.

171.   Denied, including subparts a through h.

172.   Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   The averments of paragraph 176 are a legal conclusion to which no response is required.

## COUNT IX
### Negligent Supervision
### (Jane Doe as Against Defendant Academir)

176 [sic]. Superior Charter School Services, Inc. incorporates herein by reference its answers to paragraphs 14 through 72 of the Complaint as if the same were more fully set forth herein at length.

177-186. The averments of paragraphs 177-186 are directed to other than Superior Charter School Services, Inc., and therefore no response is required.

## COUNT X

## Negligent Supervision
## (Jane Doe as Against Defendant SCSS)

187.   Superior Charter School Services, Inc. incorporates herein by reference its answers to paragraphs 14 through 72 of the Complaint as if the same were more fully set forth herein at length.

188.   Admitted only that Plaintiff has brought this action.

189.   Admitted only to the extent that Jane was enrolled at Academir Charter School West Primary Learning Cetner. All remaining allegations are denied.

190.   Denied as stated.

191.   The averments of paragraph 191 are a legal conclusion to which no response is required.

192.   Denied.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   The averments of paragraph 197 are a legal conclusion to which no response is required.

## AFFIRMATIVE DEFENSES
### FIRST DEFENSE

Superior Charter School Services, Inc. pleads the fault, negligence and/or intentional torts of L.R. and his parents/guardians which serve to reduce its liability proportionately pursuant to F.S. § 768.81 and F.S. § 768.0701.

### SECOND DEFENSE

Superior Charter School Services, Inc. avers that plaintiff has failed to mitigate any damages sustained.

### THIRD DEFENSE

Superior Charter School Services, Inc. avers that plaintiff's claims are barred by sovereign immunity, absolute immunity, common law immunity, qualified immunity, official immunity, and any other applicable immunities of the Defendant.

### DEMAND FOR JURY TRIAL

Superior Charter School Services, Inc. demands a jury trial on all issues.

WHEREFORE, Defendant Superior Charter School Services, Inc., prays for judgment in its favor, dismissing plaintiff's suit at her cost and prejudice, for an award of attorney's fees and costs, and for all general and equitable relief as the law may allow and the nature of the case may permit.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 11, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF which will serve the parties by email on the service list below.

*/s/ Julie C. Marhefka*
Scott P. Yount, FBN: 0021352
Julie C. Marhefka, FBN: 1025567
Garrison, Yount, Forte & Mulcahy, L.L.C.
601 Bayshore Blvd., Suite 800
Tampa, Florida 33606
Phone: 813-275-0404
Fax: 813-275-0304
Email: syount@garrisonyount.com
Email: jmarhefka@garrisonyount.com
*Counsel for Superior Charter School Services, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 11, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF which will serve the parties by email on the service list below.

Kyle T. MacDonald, Esq.
FBN: 1038749
Derek Smith Law Group, PLLC
701 Brickell Ave, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Kyle@dereksmithlaw.com
*Counsel for Plaintiff*

Julie B. Karron, Esq.,
FBN: 1025196

Kelly Kronenberg
10360 West State Road 84
Fort Lauderdale, Florida 33324
Phone: 954-370-9970
Fax: 954-382-1988
Email: jkarron@kellykronenberg.com
*Counsel for Academir Charter Schools, Inc.*