**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JANE DOE, a minor, by and through her
mother and next friend, MOTHER DOE,

        CASE NO.: 1:23-cv-23004-WPD

    Plaintiff,

  v.

ACADEMIR CHARTER SCHOOLS, INC.,
and SUPERIOR CHARTER SCHOOL
SERVICES, INC.,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT SUPERIOR CHARTER SCHOOL SERVICES, INC.'S MOTION FOR LEAVE TO AMEND ANSWER**

Plaintiff, JANE DOE ("Plaintiff" and/or "Jane"), by and through her undersigned counsel, respectfully submits this Response in Opposition to the Motion for Leave to Amend Answer ("Defendant's Motion") [D.E. 51], filed by Defendant, SUPERIOR CHARTER SCHOOL SERVICES, INC. ("Defendant Superior"), and states as follows:

**INTRODUCTION**

Defendant Superior's untimely attempt to amend its Answer—nearly a year after filing and close to a month after the close of discovery—represents a transparent and improper effort to escape the consequences of its judicial admissions, which form the bedrock of Plaintiff's Title IX claims. Defendant Superior seeks to retract its unequivocal admission that it receives federal funding, a critical element of Plaintiff's case, under the guise of a "scrivener's error." This belated motion fails to establish good cause and is unsupported by any credible evidence. Defendant Superior's Motion seeks to unfairly prejudice Plaintiff by upending the litigation strategy that has been shaped by Defendant Superior's own admissions. For these reasons and those set forth below, Plaintiff respectfully requests that this Court deny Defendant Superior's Motion in its entirety.

1

## RELEVANT BACKGROUND

1. On August 9, 2023, Plaintiff filed her Complaint against Defendants. [D.E. 1].

2. On September 19, 2023, Defendant Superior filed its Answer and Affirmative Defenses. [D.E. 17]. Defendant Superior's Answer stated, in relevant part, "Admitted that Superior Charter School Services, Inc. receives federal funds. All remaining allegations are denied." *Id.*, ¶¶ 92, 120.

3. On October 12, 2023, this Court issued its initial Scheduling Order [D.E. 21], which established a deadline of November 13, 2023, for motions to amend pleadings.

4. On April 2, 2024, several months after the expiration of the deadline for motions to amend the pleadings, this Court entered a superseding Scheduling Order [D.E. 29], which set forth a deadline of July 15, 2024, for the completion of discovery, and a deadline of August 12, 2024, for the filing of dispositive motions. Additionally, the Scheduling Order set the case for the trial period commencing on November 18, 2024.

5. On June 4, 2024, Plaintiff moved for a 30-day extension of the discovery and dispositive motion deadlines [D.E. 32].

6. On July 2, 2024, the Court granted Plaintiff's extension request, extending the discovery deadline until August 29, 2024, and the dispositive motion deadline until September 26, 2024. [D.E. 33].

7. On September 11, 2024, Defendant Superior filed its Motion for Leave to Amend Answer [D.E. 51].

## ARGUMENT

I. **Defendant Superior's Motion Fails to Demonstrate Good Cause to Justify Its Undue Delay in Seeking Amendment**

While Federal Rule of Civil Procedure 15(a)(2) governs the amendment of pleadings, a motion to amend made after the expiration of the Court's scheduling order deadline must demonstrate "good cause" under Rule 16(b)(4) before the Court will conduct a Rule 15(a) analysis. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Defendant Superior's three-page motion cites Rule 15 as the basis for its amendment request but fails to make any mention of the good cause standard required under Rule 16. This deficiency alone is sufficient to warrant the denial of Defendant Superior's Motion. *See, e.g., Seacoast Constr., Inc. v. JPMorgan Chase Bank, N.A.*, 2020 U.S. Dist. LEXIS 173175, at *1 (S.D. Fla. June 25, 2020) (denying motion for leave to amend where the movant "neither addresse[d] Rule 16 nor attempt[ed] to demonstrate good cause to modify the Scheduling Order").

Even if the Court were to overlook this deficiency, Defendant Superior's Motion does not set forth facts sufficient to establish good cause. Under Rule 16, the "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1419 (quoting FED. R. CIV. P. advisory committee's note). "Good cause to modify a Scheduling Order is often denied due to carelessness, oversight, inadvertence, or a failure to act diligently upon information obtained from an opposing party." *Bermudez v. AFR Envtl. Corp.*, No. 16-CV-61363- COOKE/TORRES, 2017 U.S. Dist. LEXIS 57596, at *10 (S.D. Fla. Apr. 13, 2017) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Defendant Superior seeks to amend its Answer more than 10 months after the expiration of the Court's November 13, 2023, deadline to amend the pleadings. [D.E. 21]. Notably, Defendant Superior filed its Motion after the expiration of the Court's August 29, 2024, discovery deadline,

3

and less than two months before the Court's November 18, 2024, trial date. [D.E. 29]. Defendant Superior seeks to amend its Answer to withdraw its admission that it is a recipient of federal funding, a critical element under Plaintiff's Title IX claims. To justify its request, Defendant Superior claims that its admissions were simply "scrivener's errors." Def.'s Mot., p. 1.

Defendant Superior's claim, even when viewed in the best light, stretches credulity. Defendant Superior's responses to the allegations in Paragraphs 92 and 120 of Plaintiff's Complaint did not simply state "admitted" or "denied." *See* D.E. 17, ¶¶ 92, 120. Instead, Defendant Superior specifically stated, "**Admitted that Superior Charter School Services, Inc. receives federal funds. All remaining allegations are denied.**" This is a clear and deliberate statement, not a mere typographical error. The specificity of the language indicates Defendant Superior admitted the allegation with intent rather than as an inadvertent mistake, and Defendant Superior offers nothing to substantiate its claims of a "scrivener's error."

Defendant Superior fails to offer any explanation as to how it acted diligently despite failing to amend its Answer during the roughly 12-month period it had to review its Answer and file the request to amend. Defendant Superior's failure to review its own operative pleading in the case for more than 12 months, without any meaningful explanation to explain the delays, is the very definition of lack of diligence. Defendant Superior's "lack of diligence is fatal to [its] motion because it is a well settled principle in our circuit that '[d]iligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry.'" *Tic Park Ctr., 9 LLC. v. Cabot*, No. 16-CV-24569-COOKE/TORRES, 2018 U.S. Dist. LEXIS 221005, at *11 (S.D. Fla. Aug. 28, 2018) (quoting *Roberson v. BancorpSouth Bank, Inc.*, 2013 U.S. Dist. LEXIS 130423, at *7 (S.D. Ala. Sept. 12, 2013)). Defendant Superior's failure to conduct any Rule 16 analysis or show sufficient facts to demonstrate good cause must result in the denial of its motion.

## II. Amendment of Defendant Superior's Answer Would Unfairly Prejudice Plaintiff and Undermine Judicial Efficiency

Contrary to Defendant Superior's claim, the withdrawal of its admission regarding federal funding would undoubtedly prejudice Plaintiff. Defendant Superior's Motion contends that the amendment would not be prejudicial because the amendment would not assert new claims or defenses. However, Defendant conveniently omits that its status as a recipient of federal funding is a critical element of Plaintiff's claims under Title IX. *See Hill v. Cundiff*, 797 F.3d 948, 970 (11th Cir. 2015). Defendant Superior's contention that it has denied receiving federal funding throughout this litigation is both misleading and a bad-faith attempt to diminish the significance of its admissions. Defendant Superior's factual admission that it is a recipient of federal funds was a binding judicial admission of the highest probative value. *See Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983). Judicial admissions are "established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." *Id.*

Throughout discovery and litigation, Plaintiff justifiably relied on this admission in shaping her legal strategy. Defendant Superior now seeks to strategically withdraw its admissions in an effort to prevent Plaintiff from establishing the elements of her claims. Defendant Superior's last-minute attempt to withdraw admissions, after Plaintiff has expended significant time and resources preparing for trial, would result in significant prejudice to Plaintiff and would likely prevent her from being able to establish this necessary element of her claims. Defendant Superior's admissions have shaped Plaintiff's approach to discovery, settlement considerations, and trial preparation, and simply cannot be withdrawn under the false guise of a scrivener's error. *See Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1237 (11th Cir. 2005) (finding no abuse of discretion when a

district court denied a motion to amend and include a new legal theory based on a party's undue delay in filing the motion and failure to demonstrate justice required amendment).

Defendant Superior's claim that it consistently denied receiving federal funds throughout discovery is similarly disingenuous. Plaintiff sought financial records to confirm Defendant's federal funding status not because Plaintiff doubted the judicial admission, but to ensure Plaintiff had corroborating evidence to prevent the very same kind of tactics Defendant Superior is now employing—backtracking in an attempt to avoid the consequences of their admissions. Plaintiff's requests were made in an abundance of caution and were justified given Defendants' abusive litigation tactics employed throughout this litigation, which are currently the subject of Plaintiff's Motion for Default Judgment and for Sanctions before the Court [D.E. 34]. Defendant Superior effectively seeks to unfairly punish Plaintiff for doing exactly what Defendant Superior should have done in addressing this issue—act diligently to build a robust evidentiary record.

Finally, judicial efficiency and finality would be undermined by allowing Defendant Superior to amend its Answer at this late stage of the litigation. Judicial admissions serve to streamline litigation, allowing parties to rely on certain established facts without the need for further proof. Allowing Defendant Superior to retract its admission would defeat this purpose and reopen an already settled issue. Defendant's Superior's Motion fails to demonstrate good cause under Rule 16, and its untimely attempt to withdraw a critical admission would severely prejudice Plaintiff. Accordingly, Defendant Superior's Motion must be denied.

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court deny Defendant Superior's Motion in its entirety.

Dated:  Miami, Florida  **DEREK SMITH LAW GROUP, PLLC**
       September 25, 2024,  *Counsel for Plaintiff*

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
Derek Smith Law Group, PLLC
520 Brickell Key Drive, Suite O-301
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Kyle@dereksmithlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on September 25, 2024, on all counsel of record identified on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

**SERVICE LIST**

**KELLY KRONENBERG**

Julie B. Karron, Esq.
Florida Bar No.: 1025196
KELLY KRONENBERG
10360 West State Road 84
Fort Lauderdale, Florida 33324
Phone: 954-370-9970
Fax: 954-382-1988
Email: jkarron@kellykronenberg.com

*Counsel for Defendant Academir Charter Schools, Inc.*

**GARRISON, YOUNT, FORTE & MULCAHY, LLC**

Scott P. Yount, Esq.
Florida Bar No.: 0021352
GARRISON, YOUNT, FORTE & MULCAHY, LLC
601 Bayshore Blvd., Suite 800
Tampa, Florida 33606
Phone: 813-275-0404
Fax: 813-275-0304

*Counsel for Defendant Superior Charter School Services, Inc.*