## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:23-cv-23004-JB

JANE DOE, a minor, by and through
Her mother and next friend, MOTHER DOE,

     Plaintiff,

v.

ACADEMIR CHARTER SCHOOLS, INC.,
and SUPERIOR CHARTER SCHOOL
SERVICES, INC.,

     Defendants.

_____/

### DEFENDANT, SUPERIOR CHARTER SCHOOL, INC.'S, MOTION FOR FINAL SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Defendant, Superior Charter School, Inc. ("Superior"), pursuant to Fed. R. Civ. P. 56 and S.D. Fla. L. R. 56.1, hereby moves for final summary judgment on all claims asserted against it by Plaintiff, Jane Doe.

## I.   INTRODUCTION

The parents of Jane Doe filed suit against Academir Charter Schools, Inc. ("Academir") and Superior seeking damages for alleged Title IX violations and state law claims. Regarding the organizational structure, Superior is a charter school management company that provides management services to several charter schools in South Florida, including Academir Charter School West, where the alleged incident occurred.

The Plaintiff, the child's mother, alleges that Jane Doe was sexually assaulted by a five-year old classmate at school. When the incident was reported, the Plaintiff alleges that the Defendants failed to respond appropriately, investigate the allegations, or take corrective actions. The lawsuit claims that the Defendants violated federal and state laws, including Title IX, by not protecting the student's safety and welfare.

Superior does not receive federal funds and is not a proper Title IX defendant. No evidence has been presented indicating that Academir ceded control over school operations to Superior. Superior has never received direct federal funding, and Academir, not Superior, is solely responsible for operations at the school, including Title IX policies and procedures. Further, it is undisputed that neither Defendant, Superior or Academir, were made aware of any alleged "touching" or other inappropriate sexual contact until after the incident allegedly occurred, and even then, Plaintiff at first, denied that any physical contact had occurred. This negates the possibility that Superior had any "actual knowledge." Therefore, the Plaintiff's Title IX claim should be dismissed.

In addition to the Title IX claims, the Plaintiff has made Florida state law negligence claims against Superior. Unlike co-defendant Academir, Superior did not employee the teachers, staff, and principal at the school. Because it did not own and operate the subject school, liability *in loco parentis*

simply does not apply to Superior. Moreover, Plaintiff's own timeline of events supports the dismissal of these claims as well. There has been no claim in this litigation that Academir, let alone Superior, "knew or should have known" that the alleged perpetrator—a five-year-old male student—was prone to commit sexual assault against his classmate, Jane Doe. No evidence suggests Superior was negligent. The lawsuit should be dismissed.

## II.   FACTS

Superior incorporates by reference its Statement of Material Facts. Superior did not operate the school where the incident took place. Superior did not employ the teachers, staff or principal. Superior did not receive federal funds.

## III.   LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute ... will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). And "'[i]f no reasonable jury could return a verdict in favor of the nonmoving party, there is no genuine issue of material fact and summary judgment will be granted.'" *Lima v. Fla. Dep't of Children & Families*, 627 Fed.Appx. 782,

785-86 (11th Cir. 2015) (quoting *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994)).

## IV.   ARGUMENT

### a. Superior Does Not Receive Federal Funds, so Title IX is inapplicable.

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The primary purpose of this statute is to prevent entities that receive federal financial assistance from using the funds in a discriminatory manner. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998).

At the outset, it is important to note that Superior has a pending motion for leave to correct a scrivener's error in paragraphs 92 and 120 of its answer, which incorrectly admits that Superior receives federal funds (See D.E. No. 51). That motion makes it crystal-clear that Plaintiff has been aware that Superior does not receive federal funding and has denied this claim, despite the error set forth in the Answer. While co-defendant Academir receives federal funding for a variety of programs, none of that funding passes through Superior. Pursuant to the management agreement between Academir and

Superior, the schools pay a fee to Superior in exchange for management services provided under the agreement.

While a party is typically bound by factual admissions made in its Answer, a court has the right to – and should – relieve the party of its judicial admission when it appears that the admitted fact is clearly untrue and the party was laboring under a mistake when the admission was made. *Castellanos v. Portfolio Recovery Associates*, LLC, 297 F.Supp.3d 1301 (S.D. Fla. 2017); *Palm Beach Int'l, Inc. v. Salkin*, No. 10-60995-CIV, 2010 WL 5418995, at *6 (S.D. Fla. December 23, 2010); *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963). Here, the issue of whether Superior received federal funding was actually litigated and was the subject of discovery directed by the Plaintiff. Plaintiff's counsel asked the two Superior employees who were deposed in this case whether Superior received federal funding, and each responded that it did not. (See Exhibit A, Deposition of Rolando Mir taken 5/8/2024, Tr., 21: 1-4; Tr., 34: 1–16; Exhibit B, Deposition of Olivia Bernal taken 5/9/2024, Tr., 32: 11-25.) The error by Superior's counsel, in admitting that Superior received federal funds when it plainly did not, should not serve to defeat this otherwise meritorious Motion for Summary Judgment.

Here, it is undisputed that Superior is not a Title IX fund recipient, so it is no subject to Title IX liability. However, a plaintiff who alleges that a funding recipient has ceded control over a program to an entity that does not

directly receive federal funding has been allowed to maintain a Title IX claim against that defendant that exercised control over the program in limited circumstances. *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1294 ("Williams has alleged that UGA, a funding recipient, has ceded control over one of its programs, the athletic department, to UGAA and provided extensive funding to UGAA. Notably, the [Supreme] Court has not resolved whether this is sufficient to make an entity a funding recipient subject to Title IX liability." (citations omitted)).

There is no evidence that Academir ceded any control of its school operations to Superior, so this exception to the direct federal funding requirement is completely inapplicable. While Plaintiff may present evidence that Academir paid Superior for management services, the evidence does not support any claim that Academir ceded control over any significant aspect of school operations to Superior. Therefore, without evidence that Academir ceded control of school operations to Superior, Plaintiff's claims against Superior should be dismissed as a matter of law.

Superior does not receive federal financial assistance and, therefore, cannot be held as a proper defendant under Title IX. Because Superior is not a party to any "contract, agreement, or arrangement" with the federal government to provide "assistance to any education program or activity," Superior does not receive "Federal financial assistance." 34 C.F.R. § 106.2(g)

(Dep't of Educ.); 7 C.F.R. § 15a.105 (USDA). Superior may benefit from the federal funding that Academir receives, but "Title IX coverage is not triggered when an entity merely benefits from federal funding." *NCAA v. Smith*, 525 U.S. 459, 468 (1999); *see Campbell v. Dundee Cmty. Schs.*, 661 F. App'x 884, 886, 888 (6th Cir. 2016) (affirming dismissal of Title IX claim against corporation that received no federal funds, even though it "took over employment responsibilities" for public school district's athletic department). Superior, whose officers have no control over Academir, does not become subject to Title IX solely because it does business with charter schools that do receive federal funding. *See NCAA*, 525 U.S. at 468 (refusing to apply Title IX to "entities that only benefit economically from federal assistance"). This undisputed fact entitles Superior to judgment as a matter of law on Plaintiff's Title IX claims.

### b. Superior Is Entitled to Summary Judgment on Plaintiff's Title IX Claims: No Deliberate Indifference or Retaliation Under Title IX by Superior.

Assuming, *arguendo*, that Plaintiff is able to create a factual issue as to whether Superior is a proper Title IX defendant, the claim must nevertheless be dismissed, and the claim, in substance, has no merit, for the reasons set forth in the Motion for Summary Judgment filed by co-defendant Academir.

A private Title IX damages action may lie against a school board in cases of student-on-student harassment, but only where the funding recipient is deliberately indifferent to sexual harassment, of which the recipient has actual

knowledge, and that harassment is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school. *Davis Next Friend La Shonda D. v. Monroe County Bd. Of Educ.*, 526 U.S. 629 (1999). Sexual harassment is a form of "discrimination" for Title IX purposes. *Davis Next Friend La Shonda D. v. Monroe County Bd. Of Educ.*, 526 U.S. 629 (1999). The standard set out in *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274 (1998) —that a school district may be liable for damages under Title IX where it is deliberately indifferent to known acts of teacher-student sexual harassment—also applies in cases of student-on-student harassment. *Davis* at 629-630. "The Supreme Court has applied a more rigorous standard when a Title IX plaintiff seeks damages against a school district for student-on-student harassment." *Sauls v. Pierce Cty. Sch. Dist.*, 399 F.3d 1279, 1284 (11th Cir. 2005).

In *Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1292–99 (11th Cir. 2007), the 11th Circuit applied *Davis* and held a plaintiff seeking recovery for a Title IX violation predicated on student-on-student sexual harassment must prove five elements:

1) First, the defendant must be a Title IX funding recipient. *Id*. at 1293.
2) Second, an "appropriate person" must have actual knowledge of the alleged discrimination or harassment. *Id*.
3) Third, the discrimination or harassment—of which the funding recipient had actual knowledge under element two—must be "severe, pervasive, and objectively offensive." *Id*.

4) Fourth, the plaintiff must prove "the funding recipient act[ed] with deliberate indifference to known acts of harassment in its programs or activities." *Id.*

5) Fifth, the plaintiff must demonstrate the discrimination or harassment "effectively barred the victim's access to an educational opportunity or benefit." *Id.* at 1298.

To be severe, pervasive, and objectively offensive, the behavior must be serious enough to have a "systemic effect" of denying equal access to an education. *Davis* at 652. A **"single instance of sufficiently severe one-on-one peer harassment" cannot have such a systemic effect** in light of "the amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on-one peer harassment." *Id.* at 652–53. (Emphasis added).

If a funding recipient does not engage in harassment directly, it may not be liable for damages under Title IX *unless* its deliberate indifference subjects its students to harassment; that is, the deliberate indifference must, at a minimum, cause students to undergo harassment or make them liable or vulnerable to it. *Davis Next Friend La Shonda D. v. Monroe County Bd. Of Educ.*, 526 U.S. 629, 645 (1999). A school board may be liable under Title IX for deliberate indifference to student-on-student sexual harassment occurring during school hours and on school grounds; such misconduct is taking place "under" an "operation" of the funding recipient and takes place where the recipient exercises significant control over the harasser. *Id.* at 630.  Fund

recipients cannot avoid liability for student-on-student sexual harassment only by expelling alleged harassers or acceding to particular remedial demands; rather, school administrators continue to enjoy the flexibility they require and will be deemed "deliberately indifferent" to acts of student-on-student harassment *only* where the recipient's response to the harassment or lack thereof is *clearly unreasonable in light of the known circumstances. Id*. at 648. These factors combine to limit a recipient's damages liability to circumstances wherein the recipient exercises substantial control over both the harasser and the context in which the known harassment occurs. *Id*. at 630. Only then can the recipient be said to "expose" its students to harassment or "cause" them to undergo it "under" the recipient's programs. *Id*. at 646.

The Supreme Court has applied a more rigorous standard when a Title IX plaintiff seeks damages against funding recipients for student-on-student harassment. See *Davis v. Monroe County Bd. of Educ*., 526 U.S. 629, 650–53, (1999). The Court explained student-on-student harassment will rise to the level of actionable discrimination under Title IX only if the harassment is "sufficiently severe." *Id*. at 650. The Court concluded that **to prevail on a Title IX claim based on student-on-student harassment, the plaintiff must establish not only that the school district was deliberately indifferent to known acts of harassment, but also that the harassment was "so severe, pervasive, and objectively offensive that it denie[d] its**

**victims the equal access to education that Title IX** is designed to protect."

*Id*. at 650–52, (emphasis added) see also *Hawkins v. Sarasota County Sch. Bd.*, 322 F.3d 1279, 1285 (11th Cir. 2003); *Sauls v. Pierce Cnty. Sch. Dist.*, 399 F.3d 1279, 1284 (11th Cir. 2005). The Supreme Court, in *Davis*, stated:

> The provision that the discrimination occur "under any education program or activity" suggests that the behavior be serious enough to have the systemic effect of denying the victim equal access to an educational program or activity. Although, in theory, a single instance of sufficiently severe one-on-one peer harassment could be said to have such an effect, we think it unlikely that Congress would have thought such behavior sufficient to rise to this level in light of the inevitability of student misconduct and the amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on-one peer harassment. By limiting private damages actions to cases having a systemic effect on educational programs or activities, we reconcile the general principle that Title IX prohibits official indifference to known peer sexual harassment with the practical realities of responding to student behavior, realities that Congress could not have meant to be ignored. *Id*. at 652-653.

Retaliation claims under Title IX are analyzed under the framework for claims under Title VII of the Civil Rights Act of 1964 ("Title VII"). Under Title VII, "the plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse ... action; and (3) that there is some causal relation between the two events." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007).

Title VII protects individuals from retaliation that produces an injury or harm. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, (2006). The retaliatory action must be materially adverse, meaning that it would have "dissuaded a reasonable [individual] from making or supporting a charge of discrimination." *Id*. (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). A causal link between protected expression and the materially adverse action arises where the defendant was aware of the protected expression and took materially adverse action as a result. *Shannon v. BellSouth Telecomm., Inc.*, 292 F.3d 712, 716 (11th Cir. 2002). Causation must be established according to traditional principles of but-for causation, which requires "proof that the desire to retaliate was the but-for cause of the challenged ... action." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). See *Kocsis v. Fla. State Univ. Bd. of Trustees*, 788 F. App'x 680, 686 (11th Cir. 2019).

Plaintiff's retaliation claim is based upon the same alleged omissions of Superior that Plaintiff utilizes to support her claims for deliberate indifference and negligence, which is fatally flawed as a matter of law. See *Kramarski v. Village of Orland Park*, 2002 WL 1827637, *11 (N.D. Ill. 2002) ("allegedly retaliatory conduct was merely the continuation of the conduct giving rise to the complaints" and thus lacked a "nexus."); *McDonnell v. Cisneros*, 84 F.3d 256, 259 (7th Cir. 1996) (granting dismissal of plaintiffs claim of retaliation,

which amounted to a complaint about the continuation of the same underlying harassment).

Jane's parents testified that they had never made a complaint to Superior regarding any issues with L.R. or the school prior to the alleged incident. Superior had no prior notice of any potential conflict between the students and had never received any complaints beforehand. The undisputed evidence shows that no such notice was given, and the Plaintiff cannot demonstrate that Superior had actual knowledge of any alleged prior incident. Accordingly, this case lacks any facts to support that the "actual notice" requirement has been met. Furthermore, the actions of Superior were not "deliberately indifferent," and the alleged sexual assault was neither severe, pervasive, nor objectively offensive, given that it involved two kindergarten children.

Furthermore, there are no additional allegations of harassment towards Jane beyond the alleged one-time incident. Jane was withdrawn from Superior by her mother after this allegation was made. The Plaintiff cannot establish a prima facie case of retaliation, as there is no "adverse action" and no causal relation between the reporting of the alleged sexual incident and any "adverse" action.

### c. Summary Judgment Should Be Granted in Favor of Superior on Claims of Negligence, Negligent Failure to Train, and Negligent Supervision as a Matter of Law.

### i. No Negligence by Superior.

Plaintiff cannot demonstrate Defendant breached any duty to Plaintiff in support of her negligence claims. To sustain a cause of action for negligence, Plaintiff bears the burden to prove four elements: (1) defendant owed plaintiff a duty of care, (2) defendant breached that duty, (3) causation, and (4) damages. *Clampitt v. D.J. Spencer Sales*, 786 So.2d 570 (Fla. 2001); *Abad v. G4S Secure Sols. (USA), Inc.*, 293 So. 3d 26 (Fla. 4th DCA 2020); *Tank Tech, Inc. v. Valley Tank Testing, L.L.C.*, 244 So. 3d 383 (Fla. 2d DCA 2018).

The general principle in Florida jurisprudence is that school officials and/or teachers are neither insurers of their students' safety, nor are they strictly liable for any injuries which may be sustained by the students. *See Collins v. School Bd. of Broward County*, 471 So.2d 560, 563 (Fla. 4th DCA 1985); *Benton v. School Bd. of Broward County*, 386 So.2d 831, 834 (Fla. 4th DCA 1980); *see also Hallberg v. State*, 649 So.2d 1355, 1357 (Fla.1994) (finding under criminal statute that teachers are not by reason of their chosen profession, custodians of their students at all times). Florida law, however, does impose a duty of reasonable supervision upon school officials for the students' activities while the school is entrusted with their care. *See Rupp v. Bryant*, 417 So.2d 658, 666 (Fla.1982); *Collins*, 471 So.2d at 563; *Benton*, 386 So.2d at 834; *Barrera v. Dade County School Bd.*, 366 So.2d 531, 532 (Fla. 3d DCA 1979).  Thus, a duty of supervision has been found for student injuries

occurring on-school premises as well as off-school premises for school-related activities. *Rupp*, 417 So.2d at 667–68 (because principal and teacher partially stand in place of student's parents, they had duty to protect student from injuries occurring off-school grounds during hazing activities by school club where principal and teacher knew of club's propensity for violating school board rules); *Collins*, 471 So.2d at 564 (teachers and school board owed a duty to use reasonable care in supervising shop class in which student was sexually assaulted); *but compare Benton*, 386 So.2d at 835 (no duty could be reasonably imposed against school absent special circumstances for injuries sustained by a kindergarten student whose fingertip was caught in school's bathroom door as a result of the acts of another student because a teacher cannot reasonably supervise all movements of all students at all times).

Here, the teachers, staff and principal of the school were all employees of Academir, not Superior. Yet, Plaintiff seeks to impose liability on Superior for its own, active negligence, not for vicarious liability. *See* Complaint, ECF No. 1, Count VI. The undisputed facts demonstrate that no employee of Superior is alleged to have done anything wrong, much less is there any evidence to support such a claim. Superior's legal duties owed in this case are owed to Academir, pursuant to the Management Agreement. Superior owed no legal duty to Plaintiff which has been allegedly breached.

Contrary to the Plaintiff's allegations, surveillance video and testimony in this matter show that the kindergarten students L.R. and Jane were under direct supervision, and the teacher had full control of the classroom at the time of the alleged incident. Multiple professionals from the school testified that Jane herself told the school that the incident was verbal only. This incident was not foreseeable to Superior, the management company of the charter school, and Superior had no prior notice that such an event would occur inside the classroom. The record not only fails to establish a breach of any duties but also fails to demonstrate any damages to Jane, based on the mother's testimony.

Where there is no further sexual abuse after a report of abuse is made, a negligence claim based on the adequacy of the investigation and response to the report of sexual abuse cannot be upheld. See *State, Dept. of Health and Rehab. Services v. L.N. By and Through Negron*, 624 So. 2d 280, 281 (Fla. 3d DCA 1993). Jane does not allege any further sexual assault or harassment after the report of the Alleged Sexual Incident. The alleged harm suffered by Jane as a result of Defendant's alleged failure to investigate is vague and conclusory. See, e.g., *Intl. Security Mgmt. Grp., Inc. v. Rolland*, 2018 WL 6818442, *11 (Fla. 3d DCA 2018) (directed verdict where Plaintiff did not demonstrate how failure to properly investigate contributed in any way to his asserted injury). Similarly, here, in addition to lack of foreseeability and lack

of damages, Jane fails to establish a claim for negligence based upon the "manner" of investigation by Defendant.

### ii.  No Negligent Failure to Train by Superior.

Jane asserts that Superior owed a duty to adequately train on how to recognize, prevent, and address student-on-student sexual harassment; handle reports of sexual harassment and abuse; and informing victims of their rights under Title IX, and breached these duties by failing to properly train school officials, resulting in the Alleged Sexual Incident.  Conventional elements of "duty, breach, causation, and damages must be shown in negligent training claims." *Wynn v. City of Lakeland*, 727 F. Supp. 2d 1309 (M.D. Fla. 2010). Plaintiff must allege that she was **harmed as a result of an employer's failure to adequately train** an employee. *Clary v. Armor Corr. Health Servs., Inc.*, No. 13-90, 2014 WL 505126, *4-5 (M.D. Fla. Feb. 7, 2014) (emphasis added). Jane's negligent failure to train claim fails for lack of an underlying common law tort recognized in Florida. *Scelta*, 57 F.Supp.2d at 1348.

Superior fulfilled its duty to provide adequate training by appropriately contracting that responsibility to ADP, a reputable third-party organization specializing in training services. The testimony shows that Superior took reasonable and prudent steps to ensure that all staff members were trained according to industry standards and legal requirements. (See Exhibit A, Deposition of Rolando Mir, Tr., 17:22; 28:24; 29:2, 5-7, 9; 30:12-13, 18; 34:25;

35:5, 15-16, 20, 24; 36:8, 12, 23; 37:9; 50:20; Exhibit B, Deposition of Olivia Bernal, Tr., 30:2, 3, 8, 11, 13; 38:14, 18, 20; 39:15; 121:21-22; 123:9, 17; 124.) Furthermore, Plaintiff fails to provide any evidence to support their claim that the Superior failed to adequately train their employees, which *resulted* in the alleged sexual assault. In fact, on the date of the alleged sexual assault, surveillance footage shows Plaintiff and L.R. were under direct supervision of Academir and the teacher was present and in full control of the classroom at the time and place of the Alleged Sexual Assault.

### iii.   No Negligent Supervision by Superior.

A claim of negligent supervision requires Jane to prove "the underlying wrong allegedly committed by an employee…**must be based on an injury resulting from a tort which is recognized under common law**." *Scelta v. Delicatessen Support Services, Inc.*, 57 F. Supp. 2d 1327, 1348 (Fla. M.D. 1999) (emphasis added); *Williams v. Feather Sound, Inc.*, 386 So.2d 1238, 1239–40 (Fla. 2d DCA 1980). "**Florida does <u>not</u> recognize a common law cause of action for sexual harassment**." *Scelta*, 844 F. Supp. at 1327 (emphasis added); *see Vernon v. Medical Mgmt. Assoc. of Margate*, 912 F.Supp. 1549, 1563–64 (S.D. Fla. 1996) (dismissing claims for negligent retention and negligent supervision where underlying misconduct alleged was merely sexual harassment). Jane's negligent supervision claim fails as a matter of law because Florida courts <u>do not recognize</u> a common law action of negligent

supervision wherein the allegedly negligent act resulted in the sexual harassment of an individual.

Even if the negligent supervision claim wasn't precluded, by its very nature, a claim for negligent supervision is grounded on an employer's negligence in *knowingly* keeping a dangerous servant on the premises which the defendant knew or should have known was dangerous and liable to do harm. *See Belizaire v. City of Miami*, 944 F. Supp. 2d 1204, 1215 (S.D. Fla. 2013) (citing *Watson v. City of Hialeah*, 552 So. 2d 1146 (Fla. 3d DCA 1989)). To prove such a claim, the <u>employer must have received actual or constructive notice of an employee's unfitness</u> *and* <u>failed to investigate</u> or take corrective action. *See Cruz*, 842 F. Supp. 2d at 1359 (emphasis added). Jane fails to demonstrate that the school or its employees were on notice of the propensities of L.R or unfitness of any employees. See W*illis v. Dade County Sch. Bd.*, 411 So. 2d 245, 246 n1 (Fla. 3rd DCA 1982).

Of great significance, to prevail on a theory of negligent supervision, the Plaintiff must prove the basic elements of negligence: (1) existence of a teacher-student relationship giving rise to a legal duty to supervise the student; (2) negligent breach of that duty; and (3) proximate causation of the student's injury by the teacher's negligence. *Roberson v. Duval Cnty. Sch. Bd.*, 618 So. 2d 360, 362 (Fla. 1st DCA 1993) (citing *Collins v. School Board of Broward County*, 471 So.2d 560, 563 (Fla. 4th DCA1985) and *Ankers v. District School*

*Board of Pasco County*, 406 So.2d 72 (Fla. 2d DCA1981)). And, Superior, as the management company, did not employ the teachers of the school and only learned of the alleged incident when Mother Doe contacted Rolando Mir several days after the alleged incident, and one day before the removed her child from the school. It is undisputed that Defendant never knew of any prior issues or propensities of L.R. or any prior harassment of Plaintiff. There is no evidence that Defendant had any actual or constructive notice of an employee's unfitness or failure to supervise children. In fact, the testimony in this case is clear, and the evidence demonstrates that the teachers at the school Jane attended are employed by Academir, not Superior. Superior does not employ any of the school's teachers, including those associated with Jane and the alleged incident. Here, Superior not only had no involvement in the hiring or supervision of staff, but it also lacked direct operational control over the day-to-day functions of the school, including matters such as student discipline and teacher supervision. The Plaintiff cannot meet her burden because she fails to satisfy any prong of the test required to prevail on a theory of negligent supervision, as Superior neither employed the teachers nor had a duty to supervise them.

## V.   CONCLUSION

For all the reasons set forth above, Superior's Motion for Summary Judgment should be granted in its entirety, and this case should be dismissed with prejudice.

WHEREFORE, Defendant, Superior Charter School, Inc., respectfully requests that this Court enter an order granting summary judgment in its favor and for whatever other relief this court deems just and proper.

Dated: September 26, 2024            Respectfully Submitted,

*/s/ Julie C. Marhefka* _____
Scott P. Yount, FBN: 0021352
Julie C. Marhefka, FBN: 1025567
Garrison, Yount, Forte & Mulcahy, L.L.C.
601 Bayshore Blvd., Suite 800
Tampa, Florida 33606
Phone: 813-275-0404
Fax: 813-275-0304
Email: syount@garrisonyount.com
Email: jmarhefka@garrisonyount.com
*Counsel for Superior Charter School
Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on September 26, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF which will serve the parties by email on the service list below.

Kyle T. MacDonald, Esq.
FBN: 1038749
Derek Smith Law Group, PLLC
701 Brickell Ave, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Kyle@dereksmithlaw.com
*Counsel for Plaintiff*

Julie B. Karron, Esq.,
FBN: 1025196
Kelly Kronenberg
10360 West State Road 84
Fort Lauderdale, Florida 33324
Phone: 954-370-9970
Fax: 954-382-1988
Email: jkarron@kellykronenberg.com
*Counsel for Academir Charter Schools, Inc.*