UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:23-cv-23004-WPD

JANE DOE, a minor, by and through her mother and next friend, Mother Doe,

    Plaintiff,

vs.

ACADEMIR CHARTER SCHOOLS, INC.,
SUPERIOR CHARTER SCHOOL SERVICES, INC.

    Defendants.
_____/

# DEFENDANT'S NOTICE OF SERVICE OF AMENDED ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant, SUPERIOR CHARTER SCHOOL SERVICES, INC., by and through undersigned counsel, hereby files its answers to Plaintiff's Interrogatories.

**I HEREBY CERTIFY** that on January 22, 2024, a true and correct copy of the foregoing was served on counsel for Plaintiff.

                                  *s/ Scott P. Yount*
                                Scott P. Yount, FBN: 0021352
                                Garrison, Yount, Forte & Mulcahy, L.L.C.
                                601 Bayshore Blvd., Suite 800
                                Tampa, Florida 33606
                                Phone: 813-275-0404

Fax: 813-275-0304
Attorney for Superior Charter School
Services, Inc.

# DEFENDANT'S AMENDED ANSWERS TO PLAINTIFF'S INTERROGATORIES

1. Identify all persons whom you contend have knowledge of the facts and circumstances, including but not limited to any claims and/or defenses, alleged in the Pleadings, including the facts which you contend are known to each person, and for each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person.

**ANSWER:** Defendant contends that the following persons may have knowledge of the allegations in the Plaintiff's Complaint:

**Jane Doe**
*c/o* **Derek Smith Law Group, PLLC**
**520 Brickell Key Drive, Suite O-301**
**Miami, FL 33131**

**Mother Doe and Father Doe**
*c/o* **Derek Smith Law Group, PLLC**
**520 Brickell Key Drive, Suite O-301**
**Miami, FL 33131**

**L.R. and L.R.'s Parents or Legal Guardians**
**Address is unknown at this time.**

**Rolando Mir and Alex Casas**
*c/o* **Garrison, Yount, Forte & Mulcahy, LLC**
**601 Bayshore Blvd., Suite 800**
**Tampa, FL 33606**
**(813) 275-0404**

**Melissa Valladares**
**Assistant Principal**
*c/o* **Garrison, Yount, Forte & Mulcahy, LLC**
**601 Bayshore Blvd., Suite 800**
**Tampa, FL 33606**
**(813) 275-0404**

**Zoey Castellon**

3

**School Secretary**
***c/o* Garrison, Yount, Forte & Mulcahy, LLC**
**601 Bayshore Blvd., Suite 800**
**Tampa, FL 33606**
**(813) 275-0404**

**Hira Chaudry**
**Jane Doe's Homeroom Teacher**
***c/o* Garrison, Yount, Forte & Mulcahy, LLC**
**601 Bayshore Blvd., Suite 800**
**Tampa, FL 33606**
**(813) 275-0404**

**Stephanie Ruiz**
**Student Counselor**
***c/o* Garrison, Yount, Forte & Mulcahy, LLC**
**601 Bayshore Blvd., Suite 800**
**Tampa, FL 33606**
**(813) 275-0404**

**Susie Bello**
**Principal**
***c/o* Garrison, Yount, Forte & Mulcahy, LLC**
**601 Bayshore Blvd., Suite 800**
**Tampa, FL 33606**
**(813) 275-0404**

**Miami-Dade Police Department**
**Office N. Almaguer, Badge No. 10193**
**9105 NW 25th Street**
**Doral, FL 33172**
**The Miami Dade Police Department likely has knowledge and information regarding a report made by Mother Doe on or around January 25, 2023.**

2.   Identify the name, address, telephone number and email address of any person, entity or internal department who provided information, consultation, or assistance with answering these Interrogatories. If applicable, please include an identified person's official position or relationship to Defendant SCSS.

4

**ANSWER:** Mr. Alexander Casas
Board Chair
The AcadeMir Charter Schools, Inc.
c/o Garrison, Yount, Forte & Mulcahy, LLC
601 Bayshore Blvd., Suite 800
Tampa, FL 33606
(813) 275-0404

3.   List all documents, with particularity, that you consulted, relied on, or have any relation to the substance of these interrogatories even if you did not consult with such documents to prepare these interrogatories. Please state the title of each document, identify its signatories, including their titles, the date the document was prepared, signed, and the name of its present custodian and present location. Please include and list separately, any and all drafts of each document. Finally, if a document is stored electronically and/or in binary format, please state the location of the hard drive or other media where the information is stored.

**ANSWER:** **The Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, and overbroad. Defendant objects on the further ground that the interrogatory seeks information or documents protected by the Attorney-Client Privilege or the Attorney Work Product Doctrine. Without waiving the objections, the Defendant lists the following documents: The Miami-Dade School Board's Code of Student Conduct, Miami-Dade Police Department's Offense-Incident Report and Contact/Case Report, AcadeMir Charter Schools Employee Handbook, AcadeMir's Student Case Management Students Services Forms, and Amended Charter School Management Agreement between Academir Charter School West and Superior Charter School Services, Inc.**

4.   State every known instance Plaintiff, Plaintiff's Parents, or any individual, made a complaint of alleged sexual harassment involving the Plaintiff, whether physical or verbal, at any time during her enrollment as a student at Defendant SCSS. For each instance, state (1) the date of the complaint, the name of the individual who made the complaint, (3) whom the complaint was reported to, and (4) what action, if any, was taken in response to the complaint.

5

ANSWER: **The Defendant contends that Jane Doe reported an alleged incident on or about January 20, 2023, to her Physical Education teacher, in which another student made a verbalized comment indicating (in Spanish) that he wanted to see her chest, which made her uncomfortable. This alleged incident was then mentioned to Jane Doe's homeroom teacher, Ms. Hira Chaudry, around that date. In response to the allegations, the Defendant filled out an Incident Report Form and a Student Case Management Referral Form. The Defendant took action in addressing the complaint, including but not limited to meeting with the parties involved, notifying Jane Doe's and L.R.'s parents, and taking appropriate remedial action with the student who allegedly made the verbal comment.**

5.   Identify all persons involved in and/or otherwise aware of the investigation into the Sexual Incident, including, but not limited to, any employee, staff, faculty, or any other person who acted as Defendant SCSS's agent. For each person so identified, specify the subject matter about which each such person has knowledge, the employer and job title of such person, and the last known address and telephone number of that person. Include in your response all documents prepared, obtained, and/or otherwise reviewed during the course of any such investigation.

ANSWER: **See Response to Interrogatory #1.**

6.   List all actions taken by Defendant SCSS, or any of its staff, faculty, employees, or agents, in response to the Sexual Incident, including any disciplinary or remedial measures taken against any student or employee.

ANSWER: **In response to the allegations, the Defendant filled out an Incident Report Form and a Student Case Management Referral Form. The Defendant took action in addressing the complaint, including but not limited to meeting with the parties involved, Jane Doe's and L.R.'s parents, and taking appropriate remedial action with the student who allegedly made the verbal comment. Additionally, the student who allegedly made the verbal comment was reprimanded, and the student's parents were notified. The Defendant also offered to move Jane Doe to a different classroom.**

6

7. Identify any and all surveillance systems or cameras installed in or around the location where the Sexual Incident was alleged to have taken place.

**ANSWER:** **There is one surveillance video camera in the physical education area that faces the dumpster outside. However, it does not depict where the alleged incident occurred. Additionally, there is one camera installed in the classroom.**

8. Identify all accommodations or modifications offered to the Plaintiff after the Sexual Incident, including but not limited to counseling services, support services, class schedule changes, or remedial measures of any kind offered to the Plaintiff.

**ANSWER:** **The Plaintiff was offered counseling services, and the option to remove her from the classroom was also extended. The Defendant contends that the school counselor spoke with the Plaintiff after the alleged incident.**

9. Identify any past disciplinary complaints or reports made involving L.R., including but not limited to any academic performance issues, disciplinary issues, social and/or developmental issues, or misconduct of any kind. For each instance identified, (1) the date of the complaint/report, the name of the individual who made the complaint/report, (3) whom the complaint/report was made to, and (4) what action, if any, was taken in response to the complaint/report.

**ANSWER:** **Defendant objects to this interrogatory on the grounds that it is vague, ambiguous, overbroad, and assumes facts not into evidence. Defendant objects on the further ground that the interrogatory seeks information that is not relevant to the claims or defenses of the parties in this litigation. Without waiving the objections, the Defendant contends that there were no prior complaints or any disciplinary issues involving L.R.**

10. For the last seven (7) years, state in detail any and all prior allegations made by any student or employee of Defendant SCSS concerning sexual harassment. Such complaints include those made internally, whether formal

7

or otherwise, and grievances filed with any governmental agency, including, but not limited to the U.S. Department of Education ("DOE"), the Florida Department of Education ("FDOE"), or any other federal, state or local agency, concerning sexual harassment. For each allegation or claim identified:

     A.    List the name, address and telephone number for the claimant and his/her attorney;
     B.    The date upon which the incident was reported;
     C.    The nature of the reported incident;
     D.    Names and address of all parties involved;
     E.    The date and manner in which the incident was resolved;

**ANSWER: None.**

11. Describe in detail any policies or procedures related to Title IX compliance, including but not limited to reporting and investigation of complaints, that were in effect at any time during Plaintiff's enrollment as a student at Defendant SCSS.

**ANSWER:** **There are policies and procedures regarding investigation and reporting that were applicable in this case, such as appropriate documentation of the incident and follow-up, as well as school board paperwork related to Title IX compliance. Specifically, the Amended Charter School Management Agreement ("Management Agreement") in place between the Defendants sets forth specific management duties including, but not limited to the following: "Management will coordinate its duties required to operate the School…Management will comply with all Board and School policies and procedures and with all applicable state and federal rules and regulations." Additionally, the Management Agreement states "Management will ensure compliance with state regulations and reporting requirements of AcadeMir Charter School West…" Additionally, an Employee Handbook was in full force and effect, which set forth, in pertinent part, as follows: "HARASSMENT TRAINING: It is the responsibility of each educator to complete the**

> **harassment training online through ADP. Once completed a certificate is issued. This certificate needs to be emailed to management at xmir@superiorcharterschoolservices.com and mchavez@superiorcharterschoolservices.com"**
>
> **Additionally, the Employee Handbook has specific requirements for mandatory reporting of all cases of child abuse in accordance with Fla. Stat. § 415.504. The Employee Handbook further details requirements for Classroom Management and includes a link to the Elementary Code of Student Conduct of the School Board of Miami-Dade County, Florida ("Code of Conduct") which sets forth policies against harassment and complaint procedures. See Employee Handbook and Code of Conduct which are produced in conjunction with responses to request for production for specific details.**

12. Describe in detail any changes made to Defendant SCSS's Title IX or sexual harassment prevention policies or procedures within the past five (5) years. Identify (1) the policy or procedure that was modified, (2) the date of the modification, and (3) the individual(s) who were responsible for making the modification.

**ANSWER:** None.

13. List all communications between Defendant SCSS and any federal, state, or local government agency regarding Title IX compliance and/or sexual harassment prevention from 2017 to present. Identify (1) the date of the communication, (2) the topic or subject matter, and (3) the method of transmission (whether by written correspondence, email, telephone, or otherwise).

**ANSWER:** None.

14. Identify all employees, staff, or faculty of Defendant SCSS who received training of any kind related to Title IX and/or sexual harassment prevention from 2017 to present, including the date of training received, the topic or content of the training, and the instructors who provided the training.

ANSWER: **All staff members working at the school receive a certificate related to training for Title IX and/or sexual harassment which is conducted through ADP. Please see copies attached to Defendant's responses to request for production.**

15. Identify any third parties or external organizations that Defendant SCSS has engaged for the purpose of Title IX and/or sexual harassment prevention training or investigations, from 2017 to present.

ANSWER: **See response to Interrogatory #14.**

16. Please identify each and every person from whom you, or anyone acting in your behalf, has obtained any report, statement, recording, memorandum or testimony, whether signed or not, and whether prepared by someone other than said person or not, concerning the facts of this lawsuit. Include in your answer the identity of the custodian of same.

ANSWER: **The principal of the school created a timeline, which is privileged and protected by the work product doctrine. In addition, the Defendant possesses the Accident/Incident Report and the Police Report.**

17. List any and all written and/or recorded statements or reports of all witnesses of potential witnesses in this lawsuit in your possession, custody or control, excluding any privileged reports or statements between any party to this action and the party's attorneys.

ANSWER: **See response to Interrogatory #14. Also, see documents produced in Defendant's response to requests for production.**

18. Identify each person you intend to call as a fact or expert witness in this action. For each person identified, provide the following information: (1) the name, address, and telephone number for that person, (2) a description of your relationship to the identified person, if any, and (3) the substance of the proposed testimony of that witness.

ANSWER: **Defendant objects to this Interrogatory on the grounds that it is premature. The Defendant at this time has not made a determination of which fact or expert witnesses it will**

>           **present at trial. Defendant will disclose any expert witnesses that it intends to call at the trial in accordance with the Rules**.

19.     State the terms of any insurance agreement under which any person or entity engaged in the insurance business may be liable to satisfy part or all of any judgment which may be entered against Defendant SCSS in this action, including (1) the name of the insurer, (2) the name of each insured, and (3) the limits of liability coverage.

**ANSWER:** **See insurance policy produced in Defendant's response to request for production.**

_____
Alexander Casas

STATE OF FLORIDA
COUNTY OF Miami-Dade

The foregoing instrument was acknowledged before me this __18__ day of __January__ 2024, by __Alexander Casas__, who is well known to me or who has produced as identification and has acknowledged that he executed the foregoing answers to interrogatories and that same are true and correct to the best of his knowledge and belief.

_____
Notary Public, State of Florida at Large

My Commission Expires: Sept 18, 2026

(SEAL)   

JANET FERNANDEZ
Notary Public - State of Florida
Commission # HH 308087
My Comm. Expires Sep 18, 2026
Bonded through National Notary Assn.

12