UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:23-cv-23004-JB

JANE DOE, a minor, by and through
Her mother and next friend, MOTHER DOE,

    Plaintiff,

v.

ACADEMIR CHARTER SCHOOLS, INC.,
and SUPERIOR CHARTER SCHOOL
SERVICES, INC.,

    Defendants.
_____/

**DEFENDANT SUPERIOR CHARTER SCHOOL SERVICES, INC.'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

SUPERIOR CHARTER SCHOOL SERVICES, INC., ("Superior"), pursuant to Rule 56 of the Fed. R. Civ. P. and Rule 56.1 of the Local Rules for the U.S. District Court Southern District of Florida, submits this Statement of Material Facts in support of its Motion for Final Summary Judgment:

**STATEMENT OF MATERIAL FACTS**

1. Superior Charter Schools is a management company that does not receive federal funds from the government. (See Exhibit A, Deposition of Rolando Mir taken 5/8/2024, Tr., 21: 1-4; Tr., 34: 1–16; Exhibit B, Deposition of Olivia Bernal taken 5/9/2024, Tr., 32: 11-25.)

2. Superior was, at all relevant times, a party to a contract with Academir pursuant to which Superior received a management fee from Academir in exchange for certain management services. (See Exhibit C, Amended Charter School Management Agreement, ¶ 25).

3. Superior contracted with a third-party, ADP Total Source, to provide Title IX training to teachers, staff and employees of Academir. (See Ex. B, Bernal Deposition, Tr., 35-36).

4. Susie Bello, Hira Chaudry, and Melissa Valladares were all employed by Academir, not Superior, at the time of the alleged sexual assault. (See ECF No. 58-6, Deposition of Susie Bello taken 05/13/2024, Tr., 10: 15-16; ECF No. 58-2, Deposition of Hira Chaudry taken on 05/15/2024, Tr., 9: 1 25; ECF No. 58-5, Deposition of Melissa Valladares taken on 05/15/2024, Tr., 10: 12-13).

5. This case arises out an alleged sexual assault ("Alleged Sexual Incident") between students occurring in a school classroom at Academir Charter School West in Miami, Florida. The alleged victim was 5 years old at the time. (See ECF No. 1, Plaintiff's Complaint ¶¶ 1, 5. See, also, Statement of Uncontested Facts of co-defendant, Academir.)

6. Academir conducted an investigation into the Alleged Sexual Incident. The investigation took place between the first report that the Alleged Sexual Incident was physical on January 21, 2023, through January 31, 2023,

when Jane was officially withdrawn from Academir. ECF No. 58-6, Bello Declaration ¶¶ 12, 30. The investigation by Academir included:

a) January 20, 2023: Jane reports the Alleged Sexual Incident and three school employees interviewed Jane, ECF No. 58-6, Bello Declaration ¶10;
b) January 20, 2023: Ms. Castellon calls Mother Doe to advise of the Alleged Sexual Incident, ECF No. 58-2, Chaudry Dep. Tr., 27: 17-22; ECF No. 58-4, Mother Doe, Dep. Tr. Vol. 1, 7: 17-18;
c) January 20, 2023: completion of an Accident/Incident Report which is signed by L.R.'s mother and Mother Doe, ECF No. 58-7; ECF No. 58-3, Susie Bello, Dep. Tr., 101: 10-18; 102: 1-2; ECF No. 58-6, Bello Declaration ¶11, Exhibit A;
d) January 20, 2023: meeting with Ms. Chaudry and L.R.'s mother, ECF No. 58-2, Chaudry Dep. Tr., 27: 17-22;
e) January 21, 2023: Mother Doe sends text message to Hira Chaudry advising that the Alleged Sexual Incident was physical and not just verbal Dep. Tr. 33: 8-16;
f) January 24, 2023: in person meeting with Ms. Chaudry, Ms. Valladares and Mother Doe and Father Doe, ECF No. 58-5, Valladares, Dep. Tr., 79: 2-12.
g) January 24, 2023: full review of the classroom surveillance from January 20, 2023, ECF No. 58-5, Valladares, Dep. Tr., 70: 20-25; 71:1-17; ECF No. 58-6, Bello Declaration ¶ 22;
h) January 24, 2023: Ms. Ruiz meets with L.R.; ECF No. 58-3, Bello, Dep. Tr., 96: 12-18; 100: 19-25;
i) January 24, 2023: Ms. Ruiz meets with Jane; ECF No. 58-3, Bello, Dep. Tr., 100: 19-25;
j) January 24, 2023: Student Services Form completed by Ms. Ruiz regarding incident, ECF No. 58-8; ECF No. 58-3, Bello, Dep. Tr., 93: 21-22; 94 1-3;
k) January 24, 2023: Ms. Ruiz, and Ms. Valladares conduct call with Father Doe, ECF No. 58-6, Bello Declaration ¶18;
l) January 24, 2023: Disciplinary Student Case Management Referral form for L.R.; Student Case Management Referral, ECF No. 58-9; ECF No. 58-3, Bello, Dep. Tr., 97: 1-8; 98: 7-20; ECF No. 58-6, Bello Declaration ¶ 17;
m) January 25, 2023: in person meeting with Ms. Valladares and Father Doe, ECF No. 58-5, Valladares, Dep. Tr., 79: 2-12.

    n) January 25, 2023: telephone call with Ms. Bello and Father Doe; ECF NO. 58-3, Bello, Dep. Tr., 103: 1-11; 123: 15-24; ECF No. 58-6, Bello Declaration ¶ 19;

    o) January 25, 2023: Academir has in person meeting with the Miami Dade County Police; ECF No. 58-3, Bello, Dep. Tr., 125:10-25; 126: 1-19; ECF No. 58-6, Bello Declaration ¶ 21.

See ECF No. 58-6, Bello Declaration.

    7. Academir's investigative findings were that: Jane stayed consistent with her story that it was a verbal comment; in no way did Jane indicate to Academir that anybody actually touched her or that L.R. toucher her; Ms. Bello watched the video footage and observed that the class was in order, the students were testing and there were test dividers up and everyone was sitting in their chairs orderly and there was order in the class; Jane was wearing jeans; Jane's desk was situated close to the teacher's desk; there was no reason to believe that anything other than a verbal comment was made; the counselor spoke with Jane and Jane told the counselor the same thing; and Jane consistently told four adults that the Alleged Sexual Incident was only verbal. (See ECF No. 58-3 Bello, Dep. Tr., 109: 14-25; 110: 1-12; 113: 12-15; ECF No. 58-6, Bello Declaration).

    8. On January 25, 2023, Mother Doe and Father Doe contacted law enforcement. (See ECF No. 1, Plaintiff's Complaint ¶ 43; ECF No. 58-10, Father Doe, Dep. Tr., 43: 11–20).

9. Jane's father requested that law enforcement remove L.R. from the classroom, but they informed him that they lacked the authority to do so. (See ECF No. 1, Plaintiff's Complaint ¶ 44; ECF No. 59-10, Father Doe, Dep. Tr., 48: 19–25).

10. The first time anyone from Superior was contacted about the incident was on January 27, 2023, when Jane's mother called Rolando Mir regarding an incident at the school. (See Ex. A, Deposition of Rolando Mir, Tr., 53: 1-25).

11. On January 31, 2023, Mother Doe and Father Doe contacted the Florida Department of Children and Families to report the Alleged Sexual Incident. (See ECF No. 1, Plaintiff's Complaint ¶ 63.)

12. On January 31, 2023, Mother Doe and Father Doe withdrew Jane's enrollment at Academir and transferred her to another school. (See ECF No. 1, Plaintiff's Complaint ¶ 68-69.)

13. Jane, Mother Doe and Father Doe had never made a complaint or report to Academir or Superior about any issues involved L.R. prior to this Alleged Sexual Incident. (See ECF No. 58-10, Father Doe, Dep. Tr., 18: 8–23, 19: 8–11; ECF 58-4, Mother Doe, Dep. Tr., 29: 10–14).

14. Jane never reported any other instances of inappropriate behavior at Academir, aside from the Alleged Sexual Incident. (See ECF No. 58-10, Father Doe, Dep. Tr., 19: 12-21; 20: 9-20).

15. Before the Alleged Sexual Incident, Jane never reported feeling unsafe at Academir and never reported that she was left alone, without adults present. (See ECF No. 58-10, Father Doe, Dep. Tr., 19: 12-21; 20: 9-20; 21: 16-19.)

16. In fact, Academir, and by extension, Superior, had no notice of any issues concerning improper or inadequate training, hiring or supervision of employees, as it had never received any complaints about its employees' training or supervision. (See ECF No. 58-6, Bello Declaration ¶¶ 8-9.)

17. Even after this Alleged Sexual Incident, Mother Doe and Father Doe did not make a formal sexual harassment complaint with Academir or Superior. (See ECF No. 58-10, Father Doe, Dep. Tr., 65: 14–24; ECF No. 58-4, Mother Doe, Dep. Tr., 37: 19–23; 38 1–8.)

18. Mother Doe and Father Doe never took Jane to receive any medical or psychological treatment as a result of the Alleged Sexual Incident. (See ECF No. 58-10, Father Doe, Dep. Tr., 13: 12–25; ECF No. 58-4, Mother Doe, Dep. Tr., 44: 16–22.)

19. As a result of the Alleged Sexual Incident, Jane grades have not declined, in fact they have improved, nor has she suffered from any behavioral issues. (See ECF No. 58-4, Mother Doe, Dep. Tr., 45: 8–19; ECF No. 58-10, Father Doe, Dep. Tr., 80: 8–14.)

20. As a result of the Alleged Sexual Incident, Mother Doe and Father Doe have not incurred any medical expenses and the family's health insurance has not paid for anything. (See ECF No. 58-10, Father Doe, Dep. Tr., 13: 1-4.)

21. The Alleged Sexual Incident was not based on Jane's gender. (See ECF No. 58-4, Mother Doe Dep. Tr., 44: 4–14; ECF No. 58-10 Father Doe, Dep. Tr., 79: 17–22).

Dated: September 26, 2024          Respectfully Submitted,

*/s/ Julie C. Marhefka*
Scott P. Yount, FBN: 0021352
Julie C. Marhefka, FBN: 1025567
Garrison, Yount, Forte & Mulcahy, L.L.C.
601 Bayshore Blvd., Suite 800
Tampa, Florida 33606
Phone: 813-275-0404
Fax: 813-275-0304
Email: syount@garrisonyount.com
Email: jmarhefka@garrisonyount.com
*Counsel for Superior Charter School Services, Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 26, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court via the CM/ECF which will serve the parties by email on the service list below.

Kyle T. MacDonald, Esq.
FBN: 1038749
Derek Smith Law Group, PLLC
701 Brickell Ave, Suite 1310
Miami, FL 33131
Tel: (305) 946-1884
Fax: (305) 503-6741
Kyle@dereksmithlaw.com
*Counsel for Plaintiff*


Julie B. Karron, Esq.,
FBN: 1025196
Kelly Kronenberg
10360 West State Road 84
Fort Lauderdale, Florida 33324
Phone: 954-370-9970
Fax: 954-382-1988
Email: jkarron@kellykronenberg.com
*Counsel for Academir Charter Schools, Inc.*