UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JANE DOE, a minor, by and through her
mother and next friend, MOTHER DOE,

        Plaintiff,

  v.

ACADEMIR CHARTER SCHOOLS, INC.,
and SUPERIOR CHARTER SCHOOL
SERVICES, INC.,

        Defendants.
_____/

CASE NO.: 1:23-cv-23004-JB

Chief Magistrate Judge Edwin G. Torres

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT AND FOR SANCTIONS**

    Plaintiff, JANE DOE ("Plaintiff" and/or "Jane"), by and through her undersigned counsel and pursuant to the Court's directive at the evidentiary hearing held on September 18, 2024, respectfully submits this Supplemental Brief in Support of her Motion for Default Judgment and for Sanctions against Defendants, ACADEMIR CHARTER SCHOOLS, INC. ("Defendant Academir") and SUPERIOR CHARTER SCHOOL SERVICES, INC. ("Defendant Superior") (collectively, "Defendants"), and states as follows:

**INTRODUCTION**

    Defendants' repeated and deliberate misconduct throughout the discovery process has irreparably prejudiced Plaintiff's ability to fairly litigate her claims under Title IX and Florida law. Throughout this case, Defendants engaged in a pattern of behavior that included fabricating critical evidence, providing false sworn statements, committing perjury, and withholding material evidence. Defendants' conduct not only undermines the integrity of the judicial process but has also strategically disadvantaged Plaintiff by denying her access to evidence crucial to her claims. This supplemental filing focuses on the extensive prejudice suffered by Plaintiff as a result of

1

Defendants' misconduct and demonstrates why the sanction of default judgment is necessary to preserve the fairness and integrity of this litigation.

## ARGUMENT

I. **Defendants' Misconduct Has Severely and Irreparably Prejudiced the Fair Adjudication of Plaintiff's Claims**

Defendants' blatant misconduct during discovery has directly interfered with Plaintiff's ability to substantiate her claims under Title IX and Florida law. As outlined at the September 18, 2024, evidentiary hearing, Defendants' misconduct has included, but is not limited to, the following:

(1) **Fabrication and manipulation of evidence:** Defendants falsified and manipulated critical evidence related to their Title IX policies and procedures, as demonstrated by the forensic evidence presented by Plaintiff's expert, Mr. Jim Stafford. This fabrication has tainted the entire discovery process, rendering the authenticity of Defendants' evidence unreliable;

(2) **Providing false statements in verified discovery responses:** Defendants submitted sworn interrogatory responses containing blatantly false statements about the existence and content of their Title IX policies and procedures, past sexual harassment and Title IX complaints, and the handling of Title IX investigations;

(3) **Committing perjury in depositions:** Defendants' 30(b)(6) corporate representatives gave false deposition testimony that directly contradicted both documentary evidence and their interrogatory responses;

(4) **Withholding material evidence:** Defendants withheld crucial evidence, including documents related to the handling and investigation of Plaintiff's sexual abuse for over six months, without providing any reasonable explanation; and

**(5)     Continued withholding of documents even after sworn declarations:** Despite submitting sworn declarations affirming that all responsive documents had been produced, Defendants continued to produce key evidence months later, as late as August 21, 2024, and September 17, 2024.

The cumulative impact of Defendants' misconduct has eroded Plaintiff's ability to present her case on equal footing. Defendants' actions have forced Plaintiff to expend significant resources to address Defendants' misconduct and have resulted in the irretrievable loss of key discovery opportunities. Without meaningful and proportionate sanctions, Defendants' bad faith will continue to distort the litigation process to Plaintiff's detriment.

### A. <u>Defendants' Misconduct Has Directly Interfered with Plaintiff's Claims under Title IX and Florida Law</u>

Defendants' falsification and improper withholding of evidence related to their Title IX policies and procedures, their handling of Title IX investigations, and past allegations of student sexual harassment and Title IX violations, go to the very heart of Plaintiff's claims. Plaintiff's claims against Defendants include (1) Deliberate Indifference to Sexual Harassment under Title IX, (2) Retaliation under Title IX, (3) Negligence, (4) Negligent Failure to Train, and (5) Negligent Supervision.

To prevail on her deliberate indifference claims under Title IX, Plaintiff must establish that "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf ha[d] actual knowledge of the discrimination." *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 118 S. Ct. 1989, 1999 (1998). The Eleventh Circuit has stated that to determine whether a teacher could constitute an official person for actual notice, "it would be necessary to examine how Florida organizes its public schools, the authority and responsibility granted by state law to administrators and teachers, the school district's

3

discrimination policies and procedures, and the facts and circumstances of the particular case." *Hawkins v. Sarasota Cnty. Sch. Bd.*, 322 F.3d 1279, 1286 (11th Cir. 2003). Defendants' manipulation and withholding of evidence prevented Plaintiff from determining who was deemed an official person under Defendants' policies and prevented Plaintiff from fully exploring whether the procedures were ever properly implemented. Without clear and accurate information as to the specific policies in place, Plaintiff cannot effectively demonstrate that her complaint triggered Defendants' obligations under Title IX, which is critical to proving deliberate indifference.

To prevail on her Title IX retaliation claim, Plaintiff must show that: (1) she reported the discrimination; (2) she suffered an adverse action; and (3) there's a causal connection between the report and adverse action. *A.P. v. Fayette Cnty. Sch. Dist.*, No. 21-12562, 2023 U.S. App. LEXIS 16049, at *28 (11th Cir. June 26, 2023). The fabricated and withheld evidence related to Title IX policies is crucial to understanding the process Plaintiff was required to follow to report harassment and whether Defendants deviated from their own procedures in the handling of Plaintiff's complaint. Defendants deprived Plaintiff of the ability to properly demonstrate "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in their reasoning for Plaintiff's Title IX Retaliation claim. *Id.* at *29.

Similarly, the fabricated and withheld evidence significantly impacts Plaintiff's claims for negligence, negligent failure to train, and negligent supervision, as each claim directly relates to Defendants' failure to exercise reasonable care to prevent Plaintiff's sexual harassment or take corrective action after learning of Plaintiff's sexual harassment. Under Florida law, Defendants' deviation from written policies would provide evidence that they acted negligently in fulfilling their duty of care under applicable state and federal laws. *See Pollock v. Fla. Dep't of Highway Patrol*, 882 So. 2d 928, 937 (Fla. 2004). Plaintiff has been impeded in establishing deviations from Defendants' policies due to Defendants' repeated misrepresentations and deceptive conduct.

4

Moreover, Defendants' misconduct directly impacts the liability of Defendant Superior under Title IX. Given that Defendant Superior has claimed it was not responsible for compliance with Title IX with respect to Plaintiff, Defendants' Title IX policies and procedures would dictate the degree of control Defendant Academir exercised over Defendant Superior, whether Defendant Superior was subject to Defendant Academir's Title IX policies, and whether any employees of Defendant Superior were designated as officials to whom complaints could be reported for purposes of actual notice. *See, e.g., Doe v. Sch. Bd. of Highlands Cnty.*, 12-14151-CIV-MARTINEZ-LYNCH, 2015 U.S. Dist. LEXIS 164440, at *8–9 (S.D. Fla. 2015) (finding a school's after-care program to be subject to Title IX because it used school facilities, was overseen by a school board employee, and followed school board policies).

Defendants have provided demonstrable evidence of prejudice to Plaintiff in their respective Motions for Summary Judgment filed on September 24, 2024, and September 26, 2024 [D.E. 57, 64]. Defendants' Motions for Summary Judgment rest upon the very evidence that was fabricated, improperly withheld, and intentionally misrepresented in false statements. For example, Defendant Academir argues in its motion that Plaintiff cannot establish actual notice under Title IX because Plaintiff "**did not make a formal written complaint of sexual harassment**," which would require adherence to the formal complaint procedures in the Title IX policy documents at issue, and which varies significantly between Defendants' purported policies and those of Miami-Dade County Public Schools. *See* D.E. 57, p. 4. Similarly, Defendant Academir argues that "**Jane cannot show that Academir had any policy or custom of not fully investigating harassment allegations or treating complaints of female students any differently than those of males**," yet Defendants (1) repeatedly provided false statements and fabricated evidence regarding Defendants' Title IX investigation procedures, and (2) intentionally provided false statements and withheld material evidence regarding past sexual harassment/Title

5

IX complaints involving students, despite deposition testimony from Defendant Academir's corporate representative confirming the existence of records of such records (which, to date, have never been produced). *Id.*

Defendants cannot, in good faith, assert that they are entitled to summary judgment on Plaintiff's claims when the evidence they rely on is the result of their deliberate withholding of evidence, repeated false statements made under oath, and fabrication of documents. The Court should not allow Defendants to benefit from their misconduct by considering a motion that is built upon a false factual foundation and later do the same before a jury. Defendants' intentional and repeated bad-faith conduct has undoubtedly prejudiced Plaintiff's ability to prosecute her claims.

B. **Defendants' Misconduct Has Irreparably Undermined Plaintiff's Ability to Fairly Litigate the Case**

Even if the uncontroverted forensic evidence of document fabrication was set aside, Defendants' repeated misrepresentations have nonetheless irreparably undermined the discovery process and Plaintiff's ability to litigate the case. Despite signing sworn declarations on May 21, 2024, that all responsive documents to Plaintiff's discovery requests had been produced, Defendants continued to produce critical documents, including (1) on August 21, 2024, producing a purported Fiscal Policies and Procedures Handbook which includes Title IX policies and procedures never previously produced, and (2) on September 17, 2024, producing more than 800 pages of documents related to student policies and procedures. These documents were not produced as part of Defendants' continuing duty to supplement, but instead, are claimed to have existed and been in effect as early as May of 2022.

The Fiscal Policies and Procedure Handbook produced on August 21, 2024—8 days before the close of discovery—includes newly disclosed Title IX documents appearing to describe Defendants' relationship with Miami-Dade County Public Schools with respect to Title IX,

6

contains specific prohibitions on discrimination and retaliation, and lists Title IX coordinators. *See* Exhibit A, pp. 43–44. These same documents appear to show that they were updated in July of 2024, yet without explanation, are included within the 2022 Fiscal Policies and Procedures Handbook. The 800 pages produced on September 17, 2024—after the expiration of the discovery deadline—includes numerous policies regarding the "Safety, Health and Welfare" of students never previously disclosed. These documents include policies regarding student harassment and retaliation, complaint reporting and investigation, and mandatory reporting of child abuse, among others. *See* Exhibit B (selected newly disclosed documents from September 17, 2024, production). Given that the documents span multiple years, it is unclear which documents Defendants are claiming to have existed in a prior version for the 2022-2023 school year. More importantly, Plaintiff has been deprived entirely of the use of these documents in discovery and questioning at depositions, and Defendants have gained an undue tactical advantage.

Defendants have contended that their actions have not resulted in any meaningful prejudice to Plaintiff, but plainly ignore that the extensive falsification and withholding of evidence calls into question the credibility of any documents they have produced and the veracity of any statements they have made. Plaintiff cannot reasonably trust the accuracy of the evidence put forward, requiring additional time and resources to verify its authenticity, which by itself, is a recognized form of prejudice sufficient to warrant the sanction of default judgment.

In *Forsberg v. Pefanis*, the Eleventh Circuit rejected the very same argument that a party's use of falsified evidence did not result in prejudice in the opposing party, reasoning that litigants "who lie, evade and fail to tell the whole truth obviously enjoy an advantage over honest litigants. The victimized opponent winds up . . . consuming substantial resources to respond to and 'undo' the victimizer's lies and distortions." *Forsberg v. Pefanis*, 634 F. App'x 676, 680 (11th Cir. 2015). The Eleventh Circuit determined that prejudice exists when a party must "'vigorously attempt[] to

7

pry . . . information' from the deceitful party." *Id.* (quoting *Jaffe v. Grant*, 793 F.2d 1182, 1190 (11th Cir. 1986)); *see also Remedy v. Art*, No. 18-61912-CIV-SELTZER, 2019 U.S. Dist. LEXIS 240432, at *14–15 (S.D. Fla. Sep. 26, 2019) (entering default judgment for a party's fabrication of evidence and finding it was the only adequate sanction to address the conduct).

Given that Defendants have unequivocally demonstrated their willingness to make false statements in sworn declarations, Plaintiff has not and will never be able to conclusively determine whether other evidence has been withheld, falsified, or manipulated by Defendants. Courts have routinely recognized this form of prejudice in issuing the sanction of default judgment or dismissal against a party, as "[l]itigation is not a game in which perjury warrants a five yard penalty for a minor untruth, fifteen yards if the perjury was really serious. Rather, perjury on any material fact strikes at the core of the judicial function and warrants a dismissal of one's right to participate at all in the truth seeking process." *Elof Hansson Paper & Bd., Inc. v. Caldera*, No. 11-20495-CV, 2013 U.S. Dist. LEXIS 192131, at *33 (S.D. Fla. June 4, 2013). Defendants' conduct has deliberately prejudiced Plaintiff's ability to fairly pursue evidence to support her claims and disrupted the judicial process in resolving this case on the merits.

**II.     Plaintiff's Requested Relief to Address Defendants' Egregious Misconduct**

Defendants have offered no meaningful explanation for their misconduct and, at the evidentiary hearing, effectively shrugged off their obligations to the Court by claiming that their failure to adhere to the rules should be tolerated as commonplace in litigation. Conduct of this nature significantly undermines the judicial process and can only be vindicated by the harshest of sanctions available. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1540 (11th Cir. 1993) (affirming sanction of default judgment and rejecting argument that defendants in the case simply misunderstood their discovery obligations to produce documents). Default judgment is the only

8

sanction that appropriately addresses the severity of Defendants' misconduct and ensures that Plaintiff is not further disadvantaged by Defendants' strategic delay and dishonesty.

After consideration of the facts presented at the evidentiary hearing, in the event the Court does not enter the sanction of default judgment against Defendants, Plaintiff respectfully requests alternative sanctions as follows:

(1) a jury instruction advising the jury of Defendants' fabrication of evidence and/or Defendants' false statements made under oath to advance their position in litigation, and advising the jury to consider the misconduct in evaluating Defendants' credibility;

(2) denying Defendants' respective motions for summary judgment with prejudice in light of their reliance on factual assertions and legal arguments based on the same documents and false testimony that have compromised Plaintiff's ability to fairly litigate her claims [D.E. 57, 64];[1]

(3) entering an award of attorney's fees and costs incurred in addressing the Defendants' misconduct, including but not limited to fees and costs associated with litigating the motion for sanctions, the evidentiary hearing, additional discovery efforts necessitated by Defendants' actions, and any future proceedings related to Defendants' misconduct; and

(4) any other relief the Court deems proper and just to address Defendants' misconduct.

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that her Motion for Default Judgment and for Sanctions be granted.

---

[1] As previously described herein, should the Court not enter default judgment, this alternative sanction is necessary and appropriate to ensure Defendants do not benefit from their bad-faith misconduct. It would be highly prejudicial and unjust to allow Defendants to seek summary judgment predicated on the very evidence they themselves failed to produce, used to mislead the Plaintiff, and later fabricated or manipulated to advance their litigation strategy.

Dated:  Miami, Florida  
       September 27, 2024,

**DEREK SMITH LAW GROUP, PLLC**  
*Counsel for Plaintiff*

*/s/ Kyle T. MacDonald*  
Kyle T. MacDonald, Esq.  
Florida Bar No.: 1038749  
Derek Smith Law Group, PLLC  
520 Brickell Key Drive, Suite O-301  
Miami, FL 33131  
Tel: (305) 946-1884  
Fax: (305) 503-6741  
Kyle@dereksmithlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on September 27, 2024, on all counsel of record identified on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**KELLY KRONENBERG**

Julie B. Karron, Esq.
Florida Bar No.: 1025196
KELLY KRONENBERG
10360 West State Road 84
Fort Lauderdale, Florida 33324
Phone: 954-370-9970
Fax: 954-382-1988
Email: jkarron@kellykronenberg.com

*Counsel for Defendant Academir Charter Schools, Inc.*

**GARRISON, YOUNT, FORTE & MULCAHY, LLC**

Scott P. Yount, Esq.
Florida Bar No.: 0021352
GARRISON, YOUNT, FORTE & MULCAHY, LLC
601 Bayshore Blvd., Suite 800
Tampa, Florida 33606
Phone: 813-275-0404
Fax: 813-275-0304

*Counsel for Defendant Superior Charter School Services, Inc.*