**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-cv-23004-BECERRA/TORRES

JANE DOE, a minor, by and through
her mother, MOTHER DOE,

       Plaintiff,

v.

ACADEMIR CHARTER SCHOOLS, INC. and
SUPERIOR CHARTER SCHOOL SERVICES, INC.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND FOR SANCTIONS

This cause comes before the Court on Plaintiff's Motion for Default Judgment and Sanctions against Defendants, Academir Charter Schools, Inc. and Superior Charter School Services, Inc. (collectively, "Defendants"). [D.E. 34]. Defendants timely responded to the motion [D.E. 40], to which Plaintiff replied. [D.E. 43]. The Court also held an evidentiary hearing on the matter [D.E. 56], and was provided with supplemental briefing from Plaintiff. [D.E. 68]. The motion, therefore, is ripe for disposition.[1] After careful review of the briefing, argument presented at the hearing, and the relevant authorities, and for the reasons set forth below, we recommend that Plaintiff's motion be **DENIED**.

---

[1] On August 28, 2024, the Honorable Jacqueline Becerra referred this matter to the Undersigned Magistrate Judge for a Report and Recommendation.

## I.    BACKGROUND

This case revolves around the alleged sexual assault of a minor on Defendants' premises. In the pending motion, Plaintiff asserts that Defendants have engaged in discovery misconduct worthy of default judgment.

For example, Plaintiff alleges (and Defendants concede) that Defendants have provided false, sworn interrogatory responses. Specifically, Defendants represented that, as of January 22, 2024, no changes had been made in the previous five years to Defendants' Title IX policies before later admitting that minor changes had been made (and supplementing the responses). Additionally, Plaintiff argues that the testimony of one of Defendant's corporate representatives, Olivia Bernal, provided inconsistent testimony (both at her deposition and at the evidentiary hearing) regarding Defendants' Title IX policies.

And while Defendants' Title IX policy was eventually produced, Plaintiff believes there exists good cause to doubt the authenticity of the policy. Specifically, Defendants' ostensible Title IX policy was produced within a couple weeks after Ms. Bernal's May 10, 2024 deposition. In Plaintiff's view, the metadata indicates that the document may have been created just one day after Ms. Bernal's deposition; accordingly, Plaintiff contends that the policy was fabricated. In support, Plaintiff elicited testimony from Jim Stafford at the evidentiary hearing. Mr. Stafford did not testify that the produced policy was a fabrication. He did testify, however, that "none of the electronic files [he] examined can support a creation date prior to May 9, 2024." [D.E. 65-15 at 5].

2

Overall, then, Plaintiff argues that Defendants' incorrect initial discovery responses, Ms. Bernal's deposition testimony, and the supplementally-produced Title IX policy combine to cast doubt on which Title IX policy Defendants were bound by at the time of the alleged incident. Thus, Plaintiff believes that Defendants' discovery lapses have caused severe prejudice to Plaintiff's ability to prove her case (specifically, as to what policies were in place and whether Defendants' actions conformed with those policies).

Seeing that default judgment is a drastic measure, the Court instructed Plaintiff at the evidentiary hearing to file a supplement to the pending motion to address alternative requests for relief. Plaintiff utilized the vast majority of that supplement to again explain "why the sanction of default judgment is necessary." [D.E. 68 at 2]. Plaintiff does, however, briefly (and with no citations to authority) request three alternative forms of relief: the denial of Defendants' summary judgment motions, adverse jury instructions, and attorneys' fees and costs.

## II.   ANALYSIS

As a result of Defendants' alleged discovery lapses, Plaintiff seeks a default judgment. Alternatively, Plaintiff requests that Defendants' motions for summary judgment be denied, and/or a jury instruction that advises of Defendants' discovery misconduct and informs the jury that the misconduct should be considered in evaluating Defendants' credibility. Lastly, Plaintiff requests attorneys' fees and costs incurred in litigating the pending motion (including the evidentiary hearing and

discovery efforts to unravel Defendants' misconduct). We will address in turn each request for relief.

### A. *Default Judgment*

Plaintiff seeks a default judgment as her most desired relief. In support, Plaintiff essentially argues that she cannot properly litigate this case because the discovery that Defendants have provided has been inconsistent, incorrect, and therefore *per se* untrustworthy. Plaintiff argues that she has not been able to accurately ascertain Defendants' Title IX policy; who was required to handle Title IX investigations; the proper protocol for Title IX investigations; and other relevant facts. In turn, Plaintiff argues that she is severely prejudiced in her ability to prove her deliberate indifference claim (because she does not know who the proper actor was), her Title IX retaliation claim (because she does not know Defendants' Title IX policy), and her negligence claim (because she does not know who the proper actor should have been, nor what the proper standard of care was). Consequently, Plaintiff seeks a default judgment.

"Before the ultimate sanction of default judgment may be entered, this Court must make the following findings: (1) that Defendant acted willfully or in bad faith; (2) that Plaintiff was prejudiced by Defendant's conduct; and (3) that lesser sanctions would not serve the punishment-and-deterrence goals set forth in *National Hockey League*[2] and its progeny." *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 131

---

[2] *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (affirming a district court's dismissal of an action under Rule 37 because dismissal served "not merely to penalize those whose

(S.D. Fla. 1987). Further, "[t]he decision to dismiss a claim or enter default judgment 'ought to be a last resort ….'" *United States v. Certain Real Prop. Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997) (quoting *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986)).

We find that entry of a default judgment is too drastic and disproportionate to Defendants' alleged misconduct because Plaintiff has not demonstrated bad faith. To be clear, we agree with Plaintiff that, for example, Defendants' discovery response that no changes had been made to the Title IX policy in the last five years depicts inexcusable miscommunication between attorney and client. We similarly give no credence to Defendants' assertion that this motion "underscore[s] a clear intention to harass Defendants." [D.E. 40 at 16].

But at the end of the day, Defendants made a mistake and subsequently supplemented their discovery to amend that mistake. The mistaken discovery responses were perhaps the product of negligence, and certainly the product of poor communication; but no evidence has been presented that they were the product of bad faith. Further, at no point did Defendants violate a Court order. Had Plaintiff presented evidence that Defendants intentionally concealed their Title IX policies, destroyed their Title IX policies, or refused to produce their Title IX policy despite an order from this Court, perhaps Plaintiff's argument would be more persuasive. *Cf. Watts v. Ford Motor Co.*, 648 F. App'x 970, 973 (11th Cir. 2016) (affirming the entry

---

conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent").

of a default judgment where the record supported that the plaintiff "willfully disobeyed court orders").

Or, had Plaintiff presented highly material inconsistencies in Defendants' testimony (rather than inconsistencies plausibly attributable to misunderstanding, mistake, or negligence), Plaintiff may have approached carrying its hefty burden. But Plaintiff has presented no evidence probative of bad faith or violation of Court orders. *See Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 571 (S.D. Fla. 2001) ("It is well-established that violation of a discovery order by simple negligence, misunderstanding, or inability to comply will not justify the sanction of default."); *cf. Telectron, Inc.*, 116 F.R.D. at 131 (granting motion for default judgment where evidence "reflected a calculated effort by a key corporate officer [of defendant] specifically aimed at obstructing [the plaintiff's] discovery of relevant … records").

Further, the Court understands that Plaintiff may not trust the supplemental discovery provided by Defendants. For example, Plaintiff contends that the testimony of Olivia Bernal has been inconsistent. But while Plaintiff may be skeptical of the veracity of Defendants' testimony, Plaintiff has not shown that Ms. Bernal has been materially and intentionally untruthful, as opposed to negligent or unprepared by her attorneys.

In the same vein, Plaintiff doubts the veracity of Defendants' supplemental production, and namely, its Title IX policy. But once again, Plaintiff has not shown by clear and convincing evidence that that policy was fabricated, nor that Defendants' initial non-production was motivated by bad faith. Indeed, the expert forensic

testimony that Plaintiff presented at the hearing (to demonstrate that Plaintiff fabricated a Title IX policy in the eleventh hour) was inconclusive. Additionally, Defendants' competing forensic testimony gave at least a plausible explanation for the electronic properties of the Title IX policy document.

Thus, we find that Plaintiff has not carried her burden of demonstrating bad faith, and therefore recommend that Plaintiff's motion for a default judgment be denied. *See Action Nissan, Inc., v. Hyundai Motor American Corporation*, No. 6:21-CV-2152-WWB-EJK, 2024 WL 4288047, at *5 (M.D. Fla. Sept. 25, 2024) ("Universal contends that a default judgment is warranted due to HMA's 'numerous contradictory responses to written discovery,' failures to timely supplement discovery, and contradictions between HMA's discovery responses and testimony by HMA's witnesses. This purported misconduct falls well short of bad faith. … This is also true with respect to purported contradictions between HMA's discovery responses and the testimony of several HMA witnesses. Even accepting Universal's contention that these contradictions exist, Universal has made no argument that HMA has acted in bad faith or willfully disobeyed an order of this Court."); *Deforest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08CV498MCREMT, 2010 WL 1792094, at *9 (N.D. Fla. May 4, 2010), *report and recommendation adopted*, No. 3:08CV498/MCR/EMT, 2010 WL 2278356 (N.D. Fla. June 4, 2010) (denying motion for default judgment because "[i]n this court's view, the cited testimony does not establish, with evidence sufficient to satisfy this fairly demanding evidentiary standard, that Chisholm in fact acted in bad faith rather than negligently"); *Hughes v. Matchless Metal Polish Co.*, No. 2:04-CV-

485-FTM-29DN, 2007 WL 2774214, at *5 (M.D. Fla. Sept. 24, 2007) (denying motion for default judgment where, although it was clear that the plaintiff's discovery responses contained "clear omissions" and certain testimony had been argued as false, "factual inconsistencies or even false statements are well managed through the use of impeachment at trial or other traditional discovery sanctions, not through dismissal of a" case); *DeepGulf Inc. v. Moszkowski*, 333 F.R.D. 249, 254 (N.D. Fla. 2019) (denying motion for default judgment based on alleged discovery misconduct where the movant did not satisfy its "substantial burden" of establish a "clear record of delay, bad faith, or willful contempt" because no persuasive evidence was presented to that effect); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986) ("The decision to dismiss a claim, like the decision to enter a default judgment, ought to be a last resort—ordered only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders."); *cf. Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1381 (5th Cir. 1976) (affirming grant of a motion for default judgment where the non-movant exhibited "flagrant disregard" of numerous court orders requiring the non-movant to produce discovery).

### B. *Summary Judgment Motions*

For similar reasons, we also reject Plaintiff's argument that Defendants' summary judgment motions should be denied. For one, Plaintiff provides no authority for this remedy, and instead lists it as a non-briefed, last-ditch effort for alternative sanctions in the conclusion of its supplement.[3] [D.E. 68 at 9]. And further, the Court

---

[3] We reiterate that the reason the Court requested supplemental briefing was for Plaintiff to educate the Court on sanctions lesser than default judgment—not to re-

reiterates that no evidence of intentional misconduct has been presented. Plaintiff's argument that Defendants' Title IX policy is untrustworthy is corroborated only by inconclusive forensic testimony. Without more, the Court will not exercise its discretion to invoke the drastic remedy of striking Defendants' dispositive motions.

Certainly, if Plaintiff has tangible reasons for doubting the veracity of the evidence that Defendants rely upon at summary judgment, Plaintiff may pursue the existence of a genuine dispute of law or fact on that basis. But without conclusive evidence that Defendants intentionally fabricated their Title IX policy, the Court is not willing to deny Defendants' motions for summary judgment without even considering the merits.

Thus, for much of the same reasons for which the Court rejects Plaintiff's default judgment argument, Plaintiff's motion should also be denied on this score. *See Gale v. Garber*, No. 4:19CV55-WS-HTC, 2020 WL 13841126, at *1 (N.D. Fla. Dec. 17, 2020) (holding that there was "no basis for seeking sanctions" where the movant did "not allege[ ] that any of the Defendants in this case violated any discovery order" and the movant "set forth no facts supporting any willful or bad faith conduct by the Defendants").

### C. *Jury Instructions*

Moreover, we reject Plaintiff's request for a vague and amorphous adverse jury instruction. Essentially, Plaintiff seeks a jury instruction that the jury should take

---

brief the default judgment relief capped off with a perfunctory request for lesser sanctions.

note of Defendants' alleged misconduct and consider it in assessing Defendants' credibility. But again, Plaintiff points the Court to no authority to support that relief.

And more importantly, it is Plaintiff's job—not the Court's—to persuade the jury that Defendants lack credibility. For example, if Plaintiff believes that Ms. Bernal's testimony is meaningfully inconsistent, Plaintiff can cross-examine Ms. Bernal and impeach her credibility before the jury. Further, if Plaintiff believes that Defendants' Title IX policies are incredible, Plaintiff can object to the admission of the policy at trial. But at this juncture, a broad and vague jury instruction about Defendant's alleged discovery misconduct is not proper recourse.

Had the Title IX policy been proven to be intentionally destroyed or eradicated, then perhaps Plaintiff would have a stronger case for an adverse inference. *See, e.g., ABC Home Health Servs., Inc. v. Int'l Bus. Machines Corp.*, 158 F.R.D. 180, 183 (S.D. Ga. 1994) (holding that the movant "may be entitled to a jury instruction that destroyed documents are presumed to be damaging to the party responsible for the destruction"). But seeing that Defendants have now produced their Title IX policy, and Plaintiff simply doubts the authenticity of that policy (without conclusive evidence that the policy was fabricated), an adverse inference pertaining to credibility is not workable nor appropriate.

Accordingly, we recommend that as to this relief, Plaintiff's motion be denied.

### D. *Attorneys' Fees and Costs*

Lastly, Plaintiff moves for the attorneys' fees and costs she incurred in litigating this motion. Plaintiff does not, however, spend any effort briefing her

entitlement to attorneys' fees or costs, and provides no authority substantiating her request. For example, Plaintiff does not specify whether she seeks fees under 28 U.S.C. § 1927, Rule 37 (and if so, which subsection of Rule 37), or some other rule. Accordingly, the Court will not guess as to which basis Plaintiff meant to assert, nor will the Court make Plaintiff's argument for her.

Thus, we recommend that Plaintiff's motion for fees and costs be denied.[4] *See Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *see also Bolling v. City of Montgomery*, No. 2:19-CV-244-RAH, 2023 WL 2145501, at *2 (M.D. Ala. Feb. 21, 2023) ("Some argument and citation to legal authority is required for the Court to even begin entertaining the notion of awarding attorney's fees to a winning defendant. The City's failure to present argument and to properly develop this issue provides additional reason for why the attorney's fee request is due to be denied.").

## III. CONCLUSION

To be clear, the Court was not timely made aware of any discovery that Plaintiff sought but Defendants did not provide. Specifically, Plaintiff never moved to compel production or for better answers. Accordingly, as far as the Court is

---

[4] Even if Plaintiff meant to assert Rule 37 as the basis, Rule 37 would not entitle Plaintiff to fees. Defendants have not failed to comply with a Court order (Rule 37(b)) and have not failed to supplement their discovery responses (37(c)); indeed, the pending motion does not even seek discovery relief, but seeks dispositive relief based on purported discovery violations. And even if it was construed as a motion for discovery relief, the Court has recommended denying the substantive relief sought in the motion. Thus, even if Rule 37 is Plaintiff's asserted basis for fees, fees would not be appropriate.

concerned, Plaintiff has received all of the discovery that she is due, and Defendants have not violated a Court Order in the process. Plaintiff's concerns, then, revolve not around a failure to produce discovery or to comply with a discovery order, but the authenticity and trustworthiness of the production.

But persuading the fact finder to accurately assess the truthfulness and credibility of evidence and testimony are Plaintiff's responsibilities. Those responsibilities should not be superseded by the Court granting default judgment, denying motions for summary judgment, or ordering amorphous jury instructions to preemptively indict Defendants' credibility. While we understand Plaintiff's frustrations with Defendants' counsels' inability to properly communicate with their clients,[5] those actions do not justify the relief Plaintiff seeks.

Had Plaintiff pursued more palpable relief that more directly addresses Plaintiff's specific concerns (e.g., an additional deposition(s), an extension of the dispositive motion deadline for opportunities to conduct further discovery, or striking the recently produced Title IX policy), relief would have been more likely.

But because the relief Plaintiff seeks largely outweighs the alleged misconduct, in the absence of bad faith, and for the reasons set forth above, we recommend that Plaintiff's Motion [D.E. 34] be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to

---

[5] We acknowledge Defendants' counsels' blatant shortcomings in communicating with their clients in procuring discovery responses and in preparing their clients before depositions. But these mistakes do not entitle Plaintiff to relief.

file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE and SUBMITTED** in Chambers in Miami, Florida this 17th day of October, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

13