UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:23-cv-23004-JB

JANE DOE, a minor, by and through
her mother and next friend,
MOTHER DOE,

      Plaintiffs,

v.

ACADEMIR CHARTER
SCHOOLS, INC. AND SUPERIOR
CHARTER SCHOOL SERVICES,
INC.

      Defendants.
_____/

**DEFENDANTS ACADEMIR CHARTER SCHOOLS, INC.'S
AND SUPERIOR CHARTER SCHOOL SERVICES, INC.'S
OMNIBUS MOTION IN LIMINE**

      Defendants, Academir Charter Schools, Inc. (hereinafter "Academir"), and Superior Charter School Services, Inc. ("Superior"), by and through undersigned counsel, respectfully submit this Omnibus Motion in Limine and Incorporated Memorandum of Law in accordance with the applicable Federal Rules of Evidence and Federal Rules of Civil Procedure. Academir and Superior respectfully seek an order precluding Jane Doe (hereinafter "Plaintiff") from eliciting testimony, introducing evidence or making comments concerning various topics.

**EXECUTIVE SUMMARY**

      1.      On August 9, 2023, Jane Doe, by and through her Mother and next friend filed a complaint asserting the following claims: deliberate indifference to sexual harassment; retaliation; negligence; negligent failure to train; and negligent supervision, all based upon a single instance

1

of alleged student-on-student sexual harassment between two five-year-old kindergarten students allegedly occurring on January 20, 2023 (hereinafter "Alleged Incident"). On the date of the Alleged Incident, Jane reported to three separate school employees that another student made a verbal comment of a sexual nature to her. Defendants responded immediately and notified both children's parents about the Alleged Incident. Importantly, when Jane reported the Alleged Incident to Defendants, she never alleged any physical touching, but only that another student said made inappropriate verbal comments to her.

2.     When Jane returned from school on January 20, 2023 (which Mother Doe recorded on or around the following day), she told Mother Doe that she was kissed and licked by her classmate, the alleged 5-year-old perpetrator ("L.R.") in the classroom under the table. On January 21, 2023, Jane's parents sent a text message to Jane's kindergarten teacher, Ms. Chaudry, and for the first time asserted that Jane was physically touched. Ms. Chaudry met with Jane's parents on the next school day, which was Tuesday, January 24, 2023. On that same day both L.R. and Jane advised the school counselor that the incident was merely a verbal comment. At no time did Jane's parents ever report to the school that the incident was alleged to have occurred on more than one occasion.

3.     Plaintiff filed a Complaint in this case asserting that despite Jane's claims to Defendants, she was actually physically touched on more than one occasion. The only evidence of this physical touching was Jane's conversation with her mother. The only evidence that the touching occurred on more than one occasion did not arise until after Jane was already withdrawn from the school.

## **LEGAL STANDARD**

The purpose of a motion in limine is "to exclude anticipated prejudicial evidence before the evidence is actually offered." *SFR Services, LLC v. Lexington Ins. Co.*, 2021 WL 322367, at *1 (M.D. Fla. 2021) (citing *Luce v. U.S.*, 469 U.S. 38, 40 n.2 (1984)). A motion in limine excludes evidence that is "clearly inadmissible for any purpose." *Id.* According to Federal Rule of Evidence 403 "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. *Stewart v. Hooters of Am., Inc.*, 2007 WL 1752843, at *1 (M.D. Fla. 2007). "The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Id.*

A trial court's authority to rule in limine derives from its inherent authority to manage trials. *Luce*, 469 U.S. 38 at 41-42. "Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *Centre Courts Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 2020 WL 496065, at *2 (S.D. Fla. 2020) "A district court may exclude relevant evidence under Rule 403 if 'its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence.'" *Id.* (citing FED. R. EVID. 403).

## **MOTION IN LIMINE NO. 1**

"The general rule is that during trial, 'no reference should be made to the wealth or poverty of a party, nor should the financial status of one party by contrasted with the others.'" *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1178 (11th Cir. 2002) (citation omitted); *see also, Shaps v.*

3

*Provident Life & Acc. Ins. Co.*, 244 F.3d 876, 886 (11th Cir. 2001) ("[A] jury should not be advised about the wealth or poverty of the parties."). This Court, and other district courts, have applied the general rule excluding evidence of financial condition of defendants where such evidence is unnecessary to prove damages. *See, e.g., Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, 2011 WL 2295269, at *12 (S.D. Fla. 2011); *see also, St. Cyr v. Flying J Inc.*, 2007 WL 2696791, at *3 (M.D. Fla. 2007) ("Plaintiffs are barred from introducing evidence or otherwise making known to the jury Defendant's net worth, revenues, profits, or financial condition").

Here, Academir and Superior anticipate that Plaintiff will attempt to make reference to and/or seek to introduce testimony and/or evidence about the Defendants' financial condition, worth, income, wealth, financial performance, and resources, none of which is relevant to determining whether Defendants intentionally discriminated or retaliated against Plaintiff, whether Defendants violated Plaintiff's constitutional rights, or the amount of her claimed damages. The Court should therefore enforce the well-established rule prohibiting the admission of evidence of a defendant's financial condition or the parties' relative financial conditions.

Commentary on Defendants' financial condition or comparative resources (or size) of the parties also creates a danger of unfair prejudice that substantially outweighs any probative value. The Supreme Court has observed that "presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses." *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994); *see also Whittenburg v. Werner Enters. Inc.*, 561 F.3d 1122, 1130 n.1 (10th Cir. 2009) (noting that comments regarding the wealth of a party "have repeatedly and unequivocally been held highly prejudicial, and often alone have warranted reversal.") Academir and Superior therefore respectfully request that the Court exclude the presentation or mention of any such evidence at trial.

## MOTION IN LIMINE NO. 2

Academir and Superior anticipate that Plaintiff will introduce evidence of an unrelated incident involving Alexander Casas, the chairman of the board of directors of Academir. Mr. Casas is the chief of police for Florida International University. In May 2024, Mr. Casas was placed on leave from his position as chief of police pending an investigation of alleged misconduct. This information is irrelevant as it does not have any tendency to make any fact more or less probable than it would without the evidence. *See* FED. R. EVID. 401, 403. It has no bearing on the instant action, as Mr. Casas is not involved in any way in the day-to-day operations of the subject charter school. The probative value of this evidence is substantially outweighed by the danger of unfair prejudice as it may taint the jury's view of Academir based on an incident that is completely unrelated to the instant action. Especially considering Mr. Casas had no involvement whatsoever in the handling of Jane Doe's alleged sexual harassment claim she made with Academir, which is the sole focus of the instant action.

The only purpose of offering the evidence would be to improperly call into question Mr. Casas's character and inflame the passions of the jury. FED. R. EVID. 404. For these reasons, any slight probative value that Plaintiff could attribute to this allegation is strongly outweighed by the highly prejudicial effect of admitting the evidence. *See* FED. R. EVID. 401, 403.

## MOTION IN LIMINE NO. 3

Academir and Superior anticipate that Plaintiff will attempt to introduce argument that Jane suffered emotional damages as a result of the Alleged Incident, despite the fact that there is no competent evidence that Plaintiff suffered damages. The evidence in this case has been clear that there is no basis to determine that any issues Jane experienced after the Alleged Incident were causally related to Defendants' handling of the Alleged Incident.

In fact, Plaintiff's own expert Psychiatrist admitted that he was unable to identify the major contributing cause for: 1) Jane's sudden fear of the dark; 2) Jane's sleeping in bed with her parents; 3) Jane's occasional nightmares; or 4) Jane seeming sad more often. **Exhibit A**, Iannuzzi, Dep. Tr., 60: 9–20.  Further, he admitted that he has no opinion that Plaintiff's fear of the dark was manifested due to the Alleged Incident. **Exhibit A**, Iannuzzi, Dep. Tr., 42: 1–13.  Dr. Iannuzzi clearly testified that he has no way to differentiate whether Jane's diagnosed adjustment disorder related to the Alleged Incident and in fact, it could have been related to Jane suddenly being removed from school by her parents. **Exhibit A**, Iannuzzi, Dep. Tr., 55: 1–13.

Additionally, Jane's parents themselves admit that Jane did not undergo any mental health treatment as a result of the Alleged Incident, and that she did not suffer any adverse effects or behavioral issues and in fact, her grades actually improved. **Exhibit B**, Father Doe, Dep. Tr., 79: 6-16, 24-5; 80: 1-14; **Exhibit C**, Mother Doe, Dep. Tr., 44: 16-22; 45: 8-19.

Accordingly, there is not a scintilla of evidence that the limited emotional damages alleged in this case are in any way causally related to the Alleged Incident or in any way relate to the alleged negligence of Defendants. Any asserted damages have no causal basis and cannot be tied to the Alleged Incident, as admitted by Plaintiff's own expert, and thus Plaintiff is unable to demonstrate any damages resulting from the Alleged Incident.

An essential element of Plaintiff's claim for negligence is damages. See *Kayfetz v. A.M. Best Roofing*, 832 So. 2d 784, 786 (Fla. 3d DCA 2002). Therefore, in order for Plaintiff to recover damages, there must be some reasonable basis in the evidence to support the injury and the amount awarded. *Smith v. Austin Dev. Co.*, 538 So. 2d 128, 129 (Fla. 2d DCA 1989); *Camper Corral, Inc. v. Perantoni*, 801 So. 2d 990, 991 (Fla. 2d DCA 2001). Stated another way, an award of damages must be based on actual loss, grounded in competent evidence, and proven with some degree of

certainty. *See In re Jet 1 Center, Inc.*, 335 B.R. 771, 786 (Bankr. M.D. Fla. 2005) (applying Florida law); *see also Pruitt v. Perez-Gervert*, 41 So. 3d 286, 289 (Fla. 2d DCA 2010).

Moreover, before liability for damages can arise, there must exist a sufficient causal relation between the damage claimed and the act alleged to have caused the damage. *See Florida East Coast Ry. Co. v. Peters*, 83 So. 559, 564 (1919). In other words, there can be no recovery unless it is shown with reasonable certainty that a loss resulted from the wrong alleged. *See Westbrook v. Bacskai*, 103 So. 2d 241, 242 (Fla. 3d DCA 1958). Therefore, the party seeking recovery must also prove the extent of his or her injuries and that they were proximately caused by the negligence of the opposite party. *See Chomont v. Ward*, 103 So. 2d 635, 638 (Fla. 1958). Damages for injuries that are speculative, conjectural, or contingent because they are not the natural and probable results of the wrongful act cannot be recovered. *See National Airlines, Inc. v. Edwards*, 336 So. 2d 545, 546 (Fla. 1976); *Lindon v. Dalton Hotel Corp.*, 49 So. 3d 299, 306 (Fla. 5th DCA 2010); *Superior Uniforms, Inc. v. Brown*, 211 So. 2d 50, 52 (Fla. 3d DCA 1968).

Although a trial court is vested with reasonable discretion to award damages where they cannot be precisely determined, it cannot allow greater awards for damages than those that are reasonably supported by the evidence. *See U.S. Home Corp. v. Suncoast Utilities, Inc.*, 454 So. 2d 601, 605 (Fla. 2d DCA 1984). As such, "[d]amages ordinarily are not recoverable absent evidence of specific facts and circumstances from which damages may be ascertained with certainty." *McQuown v. Lakeland Window Cleaning Co.*, 136 So. 2d 370, 372 (Fla. 2d DCA 1962); *see also Broxmeyer v. Elie*, 647 So. 2d 893, 895 (Fla. 4th DCA 1994) (holding that when there is no proof of damages, there can be no recovery).

Here, the testimony from Plaintiff's own psychology expert was clear that he is unable to determine that the Alleged Incident was a major contributing cause of the purported emotional

damages suffered by Plaintiff. Since there is no causal relationship between Defendants' actions and any purported damages, Plaintiff should be precluded in this trial from eliciting testimony of any purported damages of Jane.

### MOTION IN LIMINE NO. 4

Academir and Superior seek to exclude any facts, evidence or testimony relating to Plaintiff's claim for punitive damages. Jane improperly seeks punitive damages against Academir and Superior, which are not available under a private cause of action under Title IX. *Barnes v. Gorman*, 536 U.S. 181, 188 (U.S. 2002); Pl. Compl. Pg. 33. Since punitive damages are not allowed in breach of contact cases, punitive damages are not available in Title IX cases. *Id. see also* Restatement (Second) of Contracts § 355; *Mercer v. Duke University*, 50 Fed. Appx. 643, 645 (4th Cir. 2002). Punitive damages are not available in a case involving a violation of Title I**X**. *Doe v. School Board of Miami-Dade County*, F. Supp. 3d 1241, 1269 (Fla. S.D. 2019) (citing *Barnes*, 536 U.S. at 181). Plaintiff cannot recover punitive damages for the alleged violation of Title IX. *Id*.

On Jane's supplemental state law claims, a defendant can only be held liable for punitive damages if the trier of fact finds, based on clear and convincing evidence, that the defendant engaged in intentional misconduct or gross negligence. FLA. STAT. § 768.72(2). Plaintiff "must plead specific acts committed by a defendant" and not merely allege "conclusory allegations to recover punitive damages." *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1340 (11th Cir. 2001). Jane fails to assert a factual basis that demonstrates intentional and willful misconduct or gross negligence. Without such specific allegations or proof, her claim for punitive damages lacks the necessary foundation.

8

Therefore, Acadamir and Superior are entitled to an order *in limine* preventing any evidence or argument as to Plaintiff's claim for punitive damages. To allow otherwise would be unduly prejudicial, misleading, and confusing to the jury. *See* FED. R. EVID. 403.

## MOTION IN LIMINE NO. 5

Academir and Superior seek to exclude any facts, evidence or testimony relating to Plaintiff's claim for negligent supervision. A claim of negligent supervision requires that Jane demonstrate the existence of an underlying wrong committed by an employee, which must be based on an injury resulting from a tort recognized under common law. *Scelta v. Delicatessen Support Services, Inc.*, 57 F. Supp. 2d 1327, 1348 (Fla. M.D. 1999); *Williams v. Feather Sound, Inc.*, 386 So. 2d 1238, 1239–40 (Fla. 2d DCA 1980). "Florida does not recognize a common law cause of action for sexual harassment." *Scelta*, 844 F. Supp. at 1327 (emphasis added); *see Vernon v. Medical Mgmt. Assoc. of Margate*, 912 F.Supp. 1549, 1563–64 (S.D. Fla. 1996) (dismissing claims for negligent retention and negligent supervision where underlying misconduct alleged was merely sexual harassment). Therefore, Jane's negligent supervision claims fail as a matter of law, as Florida courts do not recognize a common law action for negligent supervision in cases where the allegedly negligent act resulted in sexual harassment.

Even if the negligent supervision claims were not precluded, it is fundamentally based on an employer's negligence in *knowingly* retaining a dangerous employee whom the employer knew or should have known was likely to cause harm. *See Belizaire v. City of Miami*, 944 F. Supp. 2d 1204, 1215 (S.D. Fla. 2013) (citing *Watson v. City of Hialeah*, 552 So. 2d 1146 (Fla. 3d DCA 1989)). This standard requires proof that the employer had actual or constructive notice of an employee's unfitness *and* failed to investigate or take corrective action. *See Cruz*, 842 F. Supp. 2d at 135. Jane has not demonstrated that Academir and Superior were aware of L.R.'s propensities

or that any employees were unfit, which undermines the claims. See W*illis v. Dade County Sch. Bd.*, 411 So. 2d 245, 246 n1 (Fla. 3d DCA 1982). Undisputedly, Academir and Superior had no prior knowledge of concerns regarding L.R. or previous harassment of Jane. Consequently, there is no evidence to support actual or constructive notice of an employee's unfitness or failure to supervise children effectively.

Therefore, Acadamir and Superior are entitled to an order *in limine* preventing any evidence or argument as to Plaintiff's claims for negligent supervision. To allow otherwise would be unduly prejudicial, misleading, and confusing to the jury. *See* FED. R. EVID. 403.

### MOTION IN LIMINE NO. 6

Academir and Superior seek to exclude any facts, evidence or testimony relating to Plaintiff's claims for negligent failure to train. Jane asserts that Academir and Superior had a duty to adequately train staff on recognizing, preventing and addressing student-on-student sexual harassment, handling reports of such incidents, and informing victims of their rights under Title IX. She alleges that a breach of these duties led to the Alleged Incident. However, to establish a claim for negligent training, the conventional elements of "duty, breach, causation, and damages must be shown in negligent training claims." *Wynn v. City of Lakeland*, 727 F. Supp. 2d 1309 (M.D. Fla. 2010). Plaintiff must allege that she was harmed as a result of an employer's failure to adequately train an employee. *Clary v. Armor Corr. Health Servs., Inc.*, No. 13-90, 2014 WL 505126, *4-5 (M.D. Fla. Feb. 7, 2014). Jane's negligent failure to train claims fail for lack of an underlying common law tort recognized in Florida. *Scelta v. Delicatessen Support Services, Inc.*, 57 F.Supp.2d 1327, 1348 (M.D. Fla. June 3, 1999). The Plaintiff fails to provide any evidence supporting the claim that the Academir and Superior inadequately trained its employees, which resulted in the Alleged Incident. In fact, surveillance footage from the date of the Alleged Incident,

shows both Jane and L.R. were under direct supervision by Academir staff, with the teacher present and in full control of the classroom at the time and place of the Alleged Incident.

Therefore, Acadamir and Superior are entitled to an order *in limine* preventing any evidence or argument as to Plaintiff's claims for negligent failure to train. To allow otherwise would be unduly prejudicial, misleading, and confusing to the jury. *See* FED. R. EVID. 403.

## MOTION IN LIMINE NO. 7

Academir and Superior seek to exclude any facts, evidence or testimony relating to Plaintiff's claims for retaliation. Plaintiff's retaliation claims fail as Plaintiff cannot identify any retaliatory action taken by Academir and Superior. Under Title VII, "the plaintiff must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse ... action; and (3) that there is some causal relation between the two events." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). Plaintiff cannot establish a prima facia case of retaliation as there is no "adverse action" and no causal relation between the reporting of the Alleged Incident and any "adverse action".

The most clear-cut example of student-on-student harassment that could trigger a damages claim under Title IX involves a direct, overt physical denial of access to school resource. *Davis* 526 U.S. at 650-651. The court in *Hawkins* emphasized that discrimination must be more widely spread than a single instance of one-on-one peer harassment, and the effects of the harassment must touch the whole or entirety of an educational activity. *Hawkins v. Sarasota County Sch. Bd.*, 322 F.3d 1279-1289 (11th Cir. 2003). In *Hawkins*, the court found that although the harassment involved objectively offensive touching over several months, it did not rise to the level of severity, pervasiveness, and objectivity necessary to demonstrate a systemic effect on the victims' equal access to education. The court concluded that there was no concrete and negative impact on the

victims' ability to receive an education or to enjoy equal access to educational programs. *Id*. The court also contrasted this situation with other cases where a systemic effect was evident, highlighting that the absence of such an effect is crucial in determining liability. In the current case involving Jane, there is no indication of a systemic impact on her educational experience. The evidence shows that she did not suffer any concrete negative effects, further supporting the conclusion that the claims do not meet the threshold established in cases like *Davis* and *Hawkins* 322 F. 3d at 1289. The court contrasted this case with other cases that demonstrated a "systemic effect." *Id*. at fn. 13. Those examples included examples where the "victim":

    1. alleged a drop in grades and left a suicide note;
    2. was a physically disabled student who was sexually battered and assaulted on multiple occasions resulting in self-destructive suicidal behavior and eventually caused her to leave school and caused her to enter a psychological hospital. *Id*. *Murell v. School District No. 1, Denver Colorado*, 186 F.3d, 1238 (10th Cir. 1999); and
    3. Was repeatedly harassed and intimidated by several boys from seventh to ninth grade. She was diagnosed with depression and withdrew from school.

*Vance v. Spencer County Public School District*, 231 S.3d, 353 (5th Cir. 2000). The court noted that while such serious consequences may not always be necessary to find liability, the effect on the ability to receive an education must be real and demonstrable. *Id*.

Jane's retaliation claims are fundamentally flawed because they are based upon the same alleged omissions that support her claims of deliberate indifference and negligence. As seen in *Kramarski v. Village of Orland Park*, 2002 WL 1827637, *11 (N.D. Ill. 2002), retaliatory conduct must have a clear nexus to the original complaints, and mere continuation of prior conduct does not suffice. Similarly, in *McDonnell v. Cisneros*, 84 F.3d 256, 259 (7th Cir. 1996), the court dismissed a retaliation claim that merely addressed the continuation of the same underlying harassment.

12

Academir and Superior took no materially adverse action against Jane. Notably, her parents removed her from the school in the same week the incident was reported, indicating that any alleged retaliation occurred after Jane's withdrawal. While Jane was still enrolled, there were no actions taken by school officials that could be considered materially adverse to her protected expression. The foundation of Plaintiff's retaliation claims do not hold, as they fail to demonstrate any specific adverse action linked to her complaints. Therefore, Acadamir and Superior are entitled to an order *in limine* preventing any evidence or argument as to Plaintiff's claims for retaliation. To allow otherwise would be unduly prejudicial, misleading, and confusing to the jury. *See* FED. R. EVID. 403.

### **MOTION IN LIMINE NO. 8**

Academir and Superior seek to exclude any facts, evidence or testimony relating to Plaintiff's claim for negligence based upon Defendants' investigation subsequent to the Alleged Incident. Where there is no further sexual abuse after a report of abuse is made, a negligence claim based on the adequacy of the investigation and response to the report of sexual abuse cannot be upheld. See *State, Dept. of Health and Rehab. Services v. L.N. By and Through Negron*, 624 So. 2d 280, 281 (Fla. 3d DCA 1993). Jane does not allege any further activity after the report of the Alleged Incident. The harm suffered by Jane as a result of Defendants' alleged failure to investigate is vague and conclusory. See, e.g., *Intl. Security Mgmt. Grp., Inc. v. Rolland*, 2018 WL 6818442, *11 (Fla. 3d DCA 2018) (directed verdict where Plaintiff did not demonstrate how failure to properly investigate contributed in any way to his asserted injury). Similarly, here, in addition to lack of foreseeability and lack of damages, Jane fails to establish claims for negligence based upon the "manner" of investigation by Defendants.

Therefore, Acadamir and Superior are entitled to an order *in limine* preventing any evidence or argument as to Plaintiff's claims for negligence based upon Defendants' investigation subsequent to the Alleged Incident. To allow otherwise would be unduly prejudicial, misleading, and confusing to the jury. *See* FED. R. EVID. 403.

### MOTION IN LIMINE NO. 9

Academir and Superior seek to exclude any facts, evidence or testimony relating to Plaintiff's claims of discrimination based upon gender. The Eleventh Circuit in *Hawkins* held that gender discrimination must be more widespread than a single instance of one-on-one peer harassment and the effects of the harassment must touch the whole or entirety of an educational program or activity. *Hawkins v. Sarasota County School Bd.*, 322 F. 3d 1279, 1289 (11th Cir. 2003) "Whether gender-oriented conduct rises to the level of actionable [Title IX] harassment ... depends on a constellation of surrounding circumstances, expectations, and relationships, including, but not limited to, the ages of the harasser and the victim and the number of individuals involved." *Hill v. Cundiff*, 797 F.3d 948, 972 (11th Cir. 2015). A Title IX claim must include an allegation of discrimination based on sex. Here there is no indication of conduct based on gender, to fall within the perimeters of Title IX. Plaintiff's parents testified that they have no evidence that the Alleged Incident was based on Jane's gender.

Therefore, Acadamir and Superior are entitled to an order *in limine* preventing any evidence or argument as to Plaintiff's claims for discrimination based upon gender. To allow otherwise would be unduly prejudicial, misleading, and confusing to the jury. *See* FED. R. EVID. 403.

## MOTION IN LIMINE NO. 10

Academir and Superior seek to exclude any facts, evidence or testimony relating to Plaintiff's expert, Dr. Iannuzzi's evaluation of or opinions as to whether Plaintiff's parents are malingering or telling the truth. In Dr. Iannuzzi's deposition, he admitted that he did not conduct any psychological testing on Mother Doe or Father Doe. **Exhibit A**, Iannuzzi, Dep. Tr., 55: 25; 56: 1-12. Dr. Iannuzzi admitted that he will not testify in court as to whether or not the parents are telling the truth in this case. **Exhibit A**, Iannuzzi, Dep. Tr., 59: 3-14. To allow otherwise would be unduly prejudicial, misleading, and confusing to the jury. *See* FED. R. EVID. 403.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), we hereby certify that counsel for Defendants have conferred with counsel for Plaintiff and were unable to resolve the issues addressed herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served via electronic mail delivery on October 25, 2024, to Kyle T. MacDonald, Esq., Derek Smith Law Group, PLLC, 701 Brickell Avenue, Suite 1310, Miami, FL 33131, at kyle@dereksmithlaw.com (Attorneys for Plaintiff) and Scott Yount, Esq. and Julie Marhefka, Esq., Garrison, Yount, Forte & Mulcahy, LLC, 601 Bayshore Blvd., Suite 800, Tampa, FL 33606 at syoung@garrisonyount.com; jmarhefka@garrisonyount.com (Attorneys for Superior Charter School Services, Inc.)

**KELLEY KRONENBERG**
*/s/ Julie B. Karron*
**JULIE B. KARRON, ESQ.**
Fla. Bar No.: 14683
10360 West State Road 84
Fort Lauderdale, FL 33324
Telephone: (954) 370-9970
Facsimile: (954) 382-1988

        Attorney for Academir
        jkarron@kelleykronenberg.com

        and

        */s/ Julie C. Marhefka*
        Scott P. Yount, FBN: 0021352
        Julie C. Marhefka, FBN: 1025567
        Garrison, Yount, Forte & Mulcahy, L.L.C.
        601 Bayshore Blvd., Suite 800
        Tampa, Florida 33606
        Phone: 813-275-0404
        Fax: 813-275-0304
        Email: syount@garrisonyount.com
        Email: jmarhefka@garrisonyount.com
        *Counsel for Superior Charter School Services, Inc.*